WILLIAM RADAM V. CAPITAL MICROBE DESTROYER COMPANY ET AL.

No. 6895.

1.  **Trial Amendment.** — When a case is called for trial and exceptions to the answer are sustained a trial amendment is the proper technical pleading in order. Rule 27 for District Courts.

2.  **Same—Original Amendment.**—The court had the discretion to relax the rule (No. 27) in the interest of justice.  The court may allow an original amended answer to be filed.  If new matter be then set up that plaintiff is not prepared to meet by pleading or evidence he could have amended also, and even continued the cause if necessary.  Such amendment, no injury being shown, is not error.

3.  **Expert Testimony.** — Expert testimony is resorted to for the purpose of informing the court or jury upon subjects not commonly understood, but where the nature of the inquiry appeals to the common understanding and ordinary intelligence of mankind it would be improper to admit opinions of experts or other persons.

4.  **Fact Case—Similarity of Trademarks.**—All the facts were before the court; the trademarks, the labels, the jugs, and the packages as presented for sale in the market by the proprietor of "Radam's Microbe Killer," and by proprietor of the "Microbe Destroyer." It was the province of the court trying the case without a jury to decide what impression would be made by them upon persons of ordinary intelligence and care.  In such a case an expert should not be allowed to decide for him.  It was therefore no error in the trial court in rejecting testimony offered to prove the similarity of the two trademarks.

5.  **Microbe Killer — Case Adhered to.** — It has already been decided by this court (Alff & Co. v. Radam, 77 Texas, 540), "that the words 'microbe killer,' as used by appellant, do not constitute a trademark," and that they were words in common use, employed by him in their ordinary sense, and that he had not acquired any proprietary right to their exclusive use.

6.  **Labels, Trademarks, etc.**—If the labels, trademarks, and packages, one or all combined, were not calculated to deceive an ordinary purchaser, there is no infringement.  See facts in illustration.

7.  **Test of Similarity or Identity.** — The resemblance must be such as to deceive a purchaser of ordinary care.  This is the correct rule in cases where there is no intention to defraud.

8.  **Intent to Defraud—Fact Case.**—See facts supporting the finding of the trial court (acting without a jury), that there was no intent on part of the defendant to defraud the plaintiff.

9.  **Incompetent Evidence — Hearsay.** — If persons were deceived by the trademark "Microbe Destroyer" they should have been called to prove it.  To allow a witness to detail what they told him would be hearsay.

10.  **Immaterial Testimony.** — Testimony to loss by the sales of the defendant would be immaterial when the main issue, the interference with the rights of plaintiff, was not sustained.

11.  **Immaterial Error in Ruling.** — That the court erred in striking out the allegation of amount of damages alleged was immaterial when the plaintiff failed to show any facts upon which damages could have been allowed.

12.  **Irrelevant Testimony.**—The issue being an alleged infringement upon the trademark of the plaintiff, testimony offered to prove by reputation or by the declarations of the defendant that the preparations manufactured by the defendant were identical with those by the plaintiff were irrelevant and were properly excluded.

APPEAL from Travis.   Tried below before Hon. John C. Townes. The opinion states the case.

*John Dowell*, for appellant.—1. The court erred in permitting defendants to file an amended original answer in the case and substituting the same for the answers in the case as the case was called for trial and exceptions of plaintiff to the answers of defendants had been sustained. Rule 27 Dist. Courts.

2.   The court erred in refusing to permit the plaintiff to prove by the witness Wm. Radam that the labels attached as exhibit B to plaintiff's original petition and the label attached as exhibit A were so alike as calculated to deceive a person of ordinary intelligence and care into the act of taking one for the other.   Abb. Trial Ev., sec. 34; Meyer's Copyright and Trademark, sec. 438; Price & Steuart's Trademark Cases, 1879 to 1887, sec. 5 of opinion; Gorham Co. v. White, 14 Wall., 511.

3.   The court erred in the following finding of fact, viz., that defendants did not designedly or fraudulently adopt the use of gallon jugs or imitate the trademark or labels of plaintiff; as the testimony shows that the defendants did designedly and fraudulently adopt the use of the gallon jug and the trademark so adopted by him as to sell defendants' goods as the goods of plaintiff.   Browne on Trademarks, secs. 33, 228, 385, 43, 309, 328, 386, 449, 325, 622, 661; Wait's Act. and Def., sec. 4; Sohl v. Geisendorf, 1 Wilson (Ind.), 60; Seixo v. Provezende, L. R. 1 Ch. App., 192; Fettridge v. Wells, 4 Abb. Pr., 144; Moxie Nerve Co. v. Baumbach, 32 Fed. Rep., 205; 21 Am. Law Jour., 1040; Schrauder v. Beresford & Co., Browne on Trademarks, sec. 449; India Rubber Co. v. Rubber Comb and Jewelry Co., Price & Steuart's American Trademark Cases, 180; Caire's Appeal, Id., 116; Sheppard & Co. v. Stuart, Id., 201; Dreydoppel v. Young, Id., 423; Ligget & Meyer Tobacco Co. v. Hynes, Id., 898; Enoch Morgan's Sons' Co. v. Troxell, Id., 140; Hier v. Abrahams, Id., 438; Ex Parte Farnum & Co., Id., 409; Collins v. Reynolds Card Mfg. Co., Id., 262; Solid Leather Button Co. v. Anthony, Cowell & Co., Id., 1105; Bradley v. Norton, 33 Conn., 157; Hostetter v. Vowinkle, 1 Dall., 329; Wolton v. Crowly, 3 Blatch., 66, 440; Filley v. Fassett, 44 Mo., 168; Talcott v. Moore, 6 Hun, 106; Blackwell v. Wright, 73 N. C., 310; Lockwood v. Bostic, 2 Daly, 521.

4.   The court erred in the following finding of fact, viz., that there is a general similarity in shape and color of jugs and those portions of the labels which describe the properties and uses of the medicines between the goods of plaintiff and defendant as same are offered for sale, but that the differences in the same are so readily perceptible and marked that a man of ordinary intelligence and care could not be misled thereby; as the whole evidence shows that people of ordinary intelligence were misled and deceived thereby and were calculated to be misled and de-

ceived thereby. McCann v. Anthony, Price & Steuart's Am. Trademark Cases, 1054; Old Coon v. Old Bachelor Case, Id.; Brewing Assn. v. Clarke, Id., 1052; Pepper v. Labrot, Id., 516; Landreth v. Landreth, Id., 945.

5. The court erred in not finding that the labels and trademark of defendant with the manner and form in which they put up their medicines was a simulation of and infringement on the labels and trademark of plaintiff and the manner in which he put up his medicine. Browne on Trademarks, secs. 33, 58, 388; Enoch Morgan's Sons' Co. v. Schwachoffer, Price & Steuart's Trademark Cases, 63; Carbolic Soap Co. v. Thomson, Id., 1033; Gail v. Wockerbath, Id., 1096; Actien Gessellschaft Apollinaris Brunnen v. Somborn & Somborn, Id., 61.

6. The court erred in refusing to permit the plaintiff to prove by Wm. Radam that the said labels of defendants were calculated to deceive a person of ordinary intelligence and using due care into the belief that they were the labels of plaintiff.

7. The court erred in refusing to permit the plaintiff Wm. Radam to answer the following question propounded to him: Has any one applied for information regarding the Microbe Destroyer medicine? Enoch Morgan's Sons' Co. v. Troxell, Price & Steuart's Trademark Cases, 147.

*McLeary & King*, also for appellant.—1. In a suit for infringement of label and trademark it is competent to prove by a witness that the two are so alike as to deceive a person of ordinary intelligence into buying one medicine for the other. Laws. Ex. and Op. Ev., 458.

2. In a suit of this nature it is proper for witnesses to testify that brown or gray jugs filled with appellant's medicine with their labels thereon, and brown or gray jugs filled with appellees' medicine with their labels thereon, are sufficiently alike to deceive a person of ordinary intelligence into purchasing one medicine for the other. Laws. Ex. and Op. Ev., 458; 1 Whart. Law of Ev., 462; Hanawalt v. The State, 54 Am. Rep., 591; Williams v. Brooks, 50 Conn., 278.

3. In a suit for the infringement of a trademark, and one of the issues is the plaintiff's right to adopt certain words as a trademark, it is the duty of the court in his conclusions of law to find whether the words used are such as can be legally appropriated. Rev. Stats., art. 1333; Browne on Trademarks, sec. 273.

4. The words "Wm. Radam's Microbe Killer—Germ, Bacteria, or Fungus Destroyer," when used and appropriated upon a label and trademark for the sale of a medicine, gives to the person so appropriating the same the exclusive use thereof, to the exclusion of all persons using the same for the sale of a similar medicine. Browne on Trademarks, secs. 32, 273.

5.   Where the appellant has adopted a label marked "Wm. Radam's Microbe Killer—Germ, Bacteria, and Fungus Destroyer," and placed same on gray or brown jugs, one gallon in size, containing a medicine, and afterward appellee adopts a label marked "Microbe Destroyer," and places same on brown or gray jugs, one gallon in size, containing a medicine similar in taste, color, and consistency, the presumption is that the same was done fraudulently.   Felley v. Tassett, 100 Am. Dec., 275; Browne on Trademarks, pp. 38, 386; Cook v. Starkweather, 13 Abb. Pr. (N. S.), 392.

6.   Where there is a general similarity between the labels, and medicines are put up and sold in jugs of the same shape, color, and size, the use of one is an infringement of the other, although there be differences in the label and trademark in other particulars.   Browne on Trademarks, 384; Moxie Nerve Food Co. v. Baumbach, 32 Fed. Rep., 205.

7.   In order to make out a case of infringement, the labels need only be sufficiently alike as to be calculated to mislead persons of ordinary intelligence who adopt ordinary precaution against imposture and fraud, and use such reasonable care and observation as the public are capable of using and may be expected to exercise.   Browne on Trademarks, sec. 33; Walton v. Crowley, 3 Blatch., 440; Blackwell v. Wright, 73 N. C., 310; Williams v. Brooks, 47 Am. Rep., 647.

8.   Where the appellant prepares and sells the medicine termed "Microbe Killer," and the appellee prepares and sells the medicine termed "Microbe Destroyer," and the two medicines are packed in jugs of the same color and size, with labels of the same shape, and both are manufactured and sold in the same town and upon the same street, the similarity between the two medicines thus manufactured and sold is calculated to deceive the public into buying the one for the other.   Moxie Nerve Food Co. v. Baumbach, 32 Fed. Rep., 205; Parlett v. Guggenheimer, 10 Atl. Rep., 81.

9.   An injunction should be perpetuated restraining the imitation of a package and label adopted by a manufacturer for the sale of his medicine (where these do not technically constitute a trademark) if the public are liable to be misled into buying one for the other.   Sawyer v. Horn, 9 U. S. C. C., 603; Sawyer v. Kellog, 12 U. S. C. C, 228; Moxie Nerve Food Co. v. Baumbach, 32 Fed. Rep., 205; Parlett v. Guggenheimer, 10 Atl. Rep., 81; Alexander v. Morse, 51 Am. Rep., 369.

*Robertson & Williams* and *Sheeks & Sheeks*, for appellees.—1. The action of the court in granting leave to defendants to file an amended answer after the original answer had been struck out by the court on the motion of plaintiff, and the granting to defendants' counsel sufficient time to prepare such amended answer, were matters wholly within the discretion of the trial court, and are not revisable in this court unless the lower court has abused its discretion to the detriment and injury

of the plaintiff, and this is not claimed by plaintiff in his bills of exception nor in his assignments of error, nor is it claimed in his briefs. Rules 12–16, 26–29, 47 Texas, 618, 619, 622; Parker v. Spencer, 61 Texas, 164; Whitehead v. Foley, 28 Texas, 10; Obert v. Landa, 59 Texas, 477; Hutchins v. Wade, 20 Texas, 8; McDonald v. Tinnon, 20 Texas, 246.

2.   It was not error for the court to refuse to permit the plaintiff, as his own witness, to prove up his case against the defendants by testifying to his opinion upon the hypothetical state of facts contained in the three questions propounded to him, and which were not based on facts proved or in evidence in the case; the labels or trademarks, with the devices and insignia and all other things pertaining thereto, having been specially pleaded by plaintiff and presented to the court as exhibits in his petition, and the same, with the jugs and medicine manufactured and sold by both parties, being before the court for its inspection and consideration in determining the matters in issue, upon such legal and relevant facts as plaintiff could prove by evidence that was relevant and admissible.   Chicago v. Geer, 9 Wall., 734; 1 Whart. on Ev., secs. 510, 514, and notes; Laws. Ex. and Op. Ev., pp. 1–4; Railway v. De Milley, 60 Texas, 199; Railway v. Jarrard, 65 Texas, 560–567; Clardy v. Callicoate, 24 Texas, 170; Armendiaz v. Stillman, 67 Texas, 462–464; Cooper v. The State, 23 Texas, 335–343; Largen v. Railway, 40 Cal., 274; Coal Co. v. Colan, 6 Am. and Eng. Ry. Cases, 250, 251; Railway v. Moranda, 17 Id., 567; Lawson v. Railway, 21 Id., 255; Couch v. Railway, 28 Id., 334.

Physical facts are always admissible, and when the object itself can be brought into the court and exhibited it is more satisfactory than the description of it by witnesses that have inspected it outside of the court.   Hays v. Street Railway, 70 Texas, 602; Reynolds' Stephen on Ev., arts. 48–54.

3.   The words "microbe killer" in plaintiff's trademark are words of common use, and are used by plaintiff in their ordinary and common meaning, and are descriptive of the nature, quality, and effect of his mixture or compound, and can not be adopted exclusively by plaintiff as a trademark.   Only words arbitrarily used, and indicating origin and ownership, can be appropriated as a trademark.   Ayers v. Rushton, 7 Daly, 9; Caswell v. Davis, 58 N. Y., 223; Soap Co. v. Thompson, 25 Fed. Rep., 625; Popham v. Cole, 66 N. Y., 69; Electro-Sillicon Co. v. Levy, 59 How. Prac., 469; Shepard & Co. v. Peterson, 13 Phila. Com. Pleas, 33; Am. Trademark Cases, 1125; Singer Mfg. Co. v. Larsen, 8 Bish., 151–154; Fairbanks v. Jacobus, 14 Blatch., 337–341; Filley v. Child, 15 Blatch., 376; Ball v. Seigel, 116 Ill., 137; Mfg. Co. v. Trainer, 101 U. S., 51–67; Canal Co. v. Clark, 13 Wall., 311; Litchenstein v. Mellis, 8 Ore., 464; Rogers v. Rogers, 53 Conn., 121; Eggers v. Hinck, 63 Cal., 445; Desmond's Appeal, 103 Pa. St., 126; Larrabee

v. Lewis, 67 Ga., 561; Gilman v. Hunnewell, 122 Mass., 122; Morgan v. Troxell, 89 N. Y., 292; Marshall v. Pinkham, 52 Wis., 572; Taylor v. Gillies, 59 N. Y., 331; Iron Co. v. Uhler, 75 Pa. St., 467; Candee, Swan & Co. v. Deere & Co., 54 Ill., 439; Choynski v. Cohen, 39 Cal., 501; Falkinburg v. Lucy, 35 Cal., 52; Mfg. Co. v. Refining Co., 27 Fed. Rep., 492; Davis v. Davis, 27 Fed. Rep., 490; Burke v. Cassin, 45 Cal., 467; Mfg. Co. v. Spear, 2 Sanf., 599; England v. Pub. Co., 8 Daly, 375; Lantern Co. v. Miller, 56 How. Prac., 234; Rolling Bed Co. v. Farren, 51 Conn., 134; Brill v. Prescott, 46 N. Y., 542; Heath v. Wright, 3 Wall., 141; Ginter v. Tobacco Co., 12 Fed. Rep., 782; Harrington v. Libby, 14 Blatch., 128; Hostetter v. Fries, 17 Fed. Rep., 620; Apollinaris Co. v. Scherer, 16 Fed. Rep., 18; Battery Co. v. Electric Co., 21 Fed. Rep., 538; Kinney v. Allen, 1 Hughes, 106; Baking Powder Co. v. Davis, 26 Fed. Rep., 293; Fertilizer Co. v. Woodside, 1 Hughes, 115; Mfg. Co. v. Lebrot, 8 Fed. Rep., 29–45; Med. Co. v. Wood, 4 Cliff., 461–489; Chemical Works v. Muth, Cir. Ct. Dist. Md., 44; Coates v. Thread Co., Cir. Ct. South. Dist. N. Y., 616 (these two cases are cited 1 Law. Rep. Ann., 279); Adams v. Heisel, 31 Fed. Rep., 279; Mfg. Co. v. Mfg. Co., 31 Fed. Rep., 776; Mfg. Co. v. Stanage, 2 McCrary, 512.

4. The plaintiff can not be protected in the use of his trademark or label, because it contains statements that are untrue and calculated to deceive the public as to the origin and effect of his remedy. Parlett v. Guggenheimer, 67 Md., 542; Seigert v. Abbott, 61 Md., 276; Connell v. Reed, 128 Mass., 477; Hennessy v. Wheeler, 25 Am. Rep., 191–195, and note.

COLLARD, JUDGE, *Section A.*—This is a suit by Wm. Radam, the appellant, against J. J. Tobin and others, partners doing business under the firm name of The Capitol Microbe Destroyer Company. Plaintiff alleged that he had discovered a valuable medicine possessing great curative properties, was manufacturing and selling it at large profits, and had given it the name of "Microbe Killer," and as such, with the trademark, labels, devices, and symbols adopted by plaintiff, it had become widely known; that defendants, with intent to defraud plaintiff and to deceive the public, have prepared for sale a medicine inferior to plaintiff's, similar in appearance, and put up in similar packages, with label, devices, and trademark in imitation of plaintiff's, which are calculated to deceive and do deceive the public into the belief that the same is the medicine of plaintiff; that defendants are selling their medicine by such counterfeiting, to plaintiff's damage $29,000. Prayer for temporary injunction, to be perpetuated on final hearing, and for judgment for alleged damages.

The answer of defendants denied all the allegations of the petition, and set up that Tobin had prepared a medicine for sale which he called the "Microbe Destroyer," a superior and different medicine to that

of plaintiff, was selling the same under the firm name of the "Microbe Destroyer Company," but that plaintiff had no right to the exclusive use of the words "microbe killer;" that defendants' trademark is not in imitation of plaintiff's, and that there was no infringement as alleged.

On final hearing the trial judge, who tried the case without a jury, denied the injunction and gave judgment for defendant.

The first assignment of error is that "the court erred in permitting defendants to file an amended original answer in the case and substituting the same for the answers in the case as it was called for trial and exceptions of plaintiff to the answers had been sustained."

The second assignment is that "the court erred in overruling the motion of plaintiff to strike out the amended original answer, as the same was not filed in due order of pleading."

The case was regularly called for trial on the 7th day of May, 1888, the day set for trial, when plaintiff's demurrers were presented to the court. A portion of them (we here adopt appellant's statement under these assignments) "were sustained and parts of the answer stricken out. The court then permitted appellees to file an amended original answer to these pleadings over the objection of appellant."

The motion to strike out the amended answer was upon the following ground: "The same is not filed in the due order of pleading; the case being now called for trial and the demurrers of plaintiff being sustained to the answers of defendants, the said defendants could be permitted to file only a trial amendment, and not a first original answer." This motion was filed on the 8th of May, and on the same day another motion was filed to strike out that part of the amended answer denying the alleged partnership, and declaring that Tobin alone was the proprietor of the medicine and trademark set up by defendants, and that he alone constituted the Microbe Destroyer Company; and also to strike out that portion of Tobin's answer setting up that the two medical preparations of plaintiff and defendant were composed of different chemicals; that plaintiff's medicine was a well known mixture and had been used as a medicine long before plaintiff attempted to appropriate it; that he (defendant) used the words "microbe destroyer" to indicate the real character of his medicine, and not to imitate the name adopted by plaintiff; that he has used in the sale of his medicine jugs of all sizes and colors, because jugs are suited to the medicine and are cheaper than other vessels; that he has never represented to the public or any person that he was manufacturing or selling plaintiff's medicine, or a medicine in imitation of it, or authorized any other person to do so, but on the contrary has always represented it to be different in all respects, and that he has carefully avoided any imitation of plaintiff's labels, devices, and methods of selling, and denies that he has encroached upon any privilege plaintiff may have. The grounds relied on in the motion to strike out the foregoing parts

of the answer are that they set up new matter not before pleaded. The motion was overruled.

After sustaining certain exceptions to the answer, a trial amendment was the proper technical pleading in order. Rule 27 for District Court. But the rule is not absolute where no injury is done the other side. The court has the power to relax the rule in the interest of justice. The Revised Statutes provide that pleadings may be amended under leave of the court before the parties announce ready for trial, "and not thereafter." Rev. Stats., art. 1192. Yet it has been held that after such announcement the court may allow amendments that may seem necessary to the ends of justice. Parker v. Spencer, 61 Texas, 164; Whitehead v. Foley, 28 Texas, 10. The due order of pleading indicated in the motion to strike out the amendment referred to the time and order of filing a trial amendment, and the objection to the amendment on the ground that it was not filed in due order went only to the power of the court to permit a general amendment of the answer after exceptions were sustained to parts of original answers. The court had the power to grant leave to amend, and under the circumstances, plaintiff not being injured thereby, the failure to strictly enforce the rule was not error. If new matter had been set up that plaintiff was not prepared to meet by pleading or evidence he could have amended also, and even continued the case if necessary. No such condition of things existed, no injury was done to plaintiff, and there was no reversible error in the action of the court.

The fourth, fifth, and nineteenth assignments of error are of the same character and can be conveniently considered together. The fourth is that the court erred in refusing to permit the plaintiff to testify that the labels attached as exhibit B to plaintiff's petition and the label attached as exhibit A were so alike that they were calculated to deceive a person of ordinary intelligence and care into taking one for the other. The fifth is to the effect that the same witness should have been permitted to testify that the jugs as filled and the labels as used thereon by each of the parties were, in the opinion of the witness, so alike as to be calculated to deceive a person of ordinary care and intelligence. The nineteenth is to the same effect as the fourth assignment.

Plaintiff's trademark and label is described in the first part of the opinion in the case of Alff & Co. v. Radam, 77 Texas, 530. Tobin's trademark is the words "Microbe Destroyer," and there is no symbol, picture, or illustration on the label. On the label used by Radam at the top are written the words: "Wm. Radam's Microbe Killer," in large letters, and under this the words "Germ, bacteria, or fungus destroyer." In the center of the label is the symbol or illustration, in the top of which is printed in capital letters "Wm. Radam's Microbe Killer," and in the lower part of it "Trademark." Under the picture are the words "Registered December 13, 1887," and below this a cau-

tion is printed: "The genuineness of every jug is secured by trade-mark as above, and my name must be written on each label in that form." The name "Wm. Radam" is then written or printed below. On the left of the symbol, in a column about the size of an ordinary newspaper column, is printed "This is the invention of Wm. Radam, Austin, Texas." "It is the only microbe killer in the world;" all in capital letters. Then in the same column is further information about the medicine and its cures, and a warning to persons not to use the label or trademark. On the right side of the symbol in a similar column are printed instructions about how to use the medicine in different diseases, all signed by "Wm. Radam, Austin, Texas, U. S. A.," in printed capital letters.

Exhibit B attached to plaintiff's petition shows no device or picture on the label used by the Microbe Destroyer Company. The printed matter on the label is not divided into columns, but appears as follows:

"MICROBE DESTROYER.
"An unfailing remedy for consumption, catarrh, bronchitis,
"etc., etc., and all diseases arising from impurities of
"the blood. Dose: Wineglassful three times a
"day before eating in a tumblerful of
"water. Price $2.50 per gallon.
"PREPARED BY THE
"CAPITAL MICROBE DESTROYER CO., AUSTIN, TEXAS.
"Registered December 28, 1887.
     [Signed]          "DR. J. J. TOBIN, State Agent."

Another copy is given of the label on exhibit B as used by the Microbe Destroyer Company exactly like the above, except that it ends with the words "Austin, Texas." These labels used by the Microbe Destroyer Company were of different colors—blue, yellow, etc. Both parties put up their medicine in gray or brown one-gallon jugs similar in appearance and bought in the market, and their respective labels and trademarks were placed on the jugs.

Plaintiff's proprietorship in his trademark, labels, and style of packages was prior to any right of defendant to use the alleged imitations.

It does not appear from the bills of exceptions that Radam was offered as an expert or that his opinion was to be that of an expert. His evidence was objected to because it would be only his opinion, but the bills show that it was not offered as an opinion but as a fact.

We doubt the propriety of taking the opinion of an expert in such a case. He was called on for his opinion as to whether persons of *ordinary intelligence and care* would be deceived by the trademarks of the parties, or the packages and the trademarks, into the belief that they were the same. We do not see how the evidence of an expert could

aid the court in determining this question, or how there could be an expert in such a matter. What ordinary intelligence might think of facts before the eye, it seems to the writer, should be left to the judgment of ordinary intelligence, with at least as much confidence as to one calling himself an expert. Such evidence has, however, been admitted and approved. Williams v. Brooks, 50 Conn., 278, reported in American Trademark Cases, p. 661. In McLean v. Fleming, Myers' Copyright and Trademark, 1118, 96 United States Reports, 6 Otto, 245, it is said that "witnesses in great numbers were called by the complainant, who testified that exhibits L and K of the respondent were calculated to deceive purchasers;" but in that case there was no objection to the evidence. In Abbott's Trial Evidence it is said that "probability of deception is generally shown by resemblance, and by the opinions of experts. Resemblance as shown by inspection is, however, the primary test and criterion, and proof by experts is seldom resorted to." Identity of design might require an expert's testimony —an expert in designs—but that is not the question here. Expert testimony is resorted to for the purpose of informing the court or jury upon subjects not commonly understood, but where the nature of the inquiry appeals to the common understanding and ordinary intelligence of mankind it would be improper to admit opinions of experts or other persons. Shelley v. City of Austin, 74 Texas, 612. This witness was not called as an expert, and his opinion was not admissible, nor would it have been in our judgment if he had been an expert. All the facts were before the court—the trademarks, the labels, the jugs, and the packages, as presented for sale in the market; it was his province to decide what impression would be made by them upon persons of ordinary intelligence and care. In such a case an expert should not be allowed to decide for him. Cooper v. The State, 23 Texas, 331; Turner v. Strange, 56 Id., 142; Railway v. McGehee, 49 Id., 481; McKay v. Overton, 65 Id., 85; Shelley v. City, supra; 1 Whart. on Ev., 436. Similar testimony was offered by plaintiff by other witnesses, which was met by the same ruling. The assignments of error involve the same principles that have been above disposed of. It is useless for us to repeat them or the reasons in favor of the court's ruling. All such testimony was inadmissible, and there was no error in rejecting it.

The main question in the case, was there an infringement as alleged by plaintiff, is raised by many assignments of error on the conclusions of the court upon the facts and the law, but they may all be considered under one head.

The conclusions of the court were "that there is a general similarity in shape and color of the jugs and those portions of the labels which indicate the properties and uses of the medicine between the goods of appellant and appellees as the same are offered for sale, but that the differences in the same are so readily perceptible and marked that a

man of ordinary intelligence and care should not be misled thereby;" and "that appellees did not designedly or fraudulently adopt the use of gallon jugs or imitate the trademark and labels, etc., of appellant." The court also added the following to his findings as the law of the case:

"1. That the appellant has the right to the exclusive use of his trademark, labels, symbols, etc.

"2. That there is no such imitation thereof by appellees as is calculated to deceive the public.

"3. That there is no intentional wrong nor fraud on appellees' part.

"4. That appellant take nothing by his suit, and that the injunction be denied.

"5. That this is without prejudice to appellant's right to the exclusive right to make the preparation known as 'Microbe Killer,' if he has such right, which is not in any way involved in this suit."

These findings embrace the merits of the case, and appellant attacks all of them by various assignments of error. We do not think it necessary to notice all these assignments, nor is it convenient or necessary to discuss all the questions raised by them. They principally tend to the one object—that is, to show error in the main findings of the court as above set out.

The questions involved are not difficult or subtle; they are simple and may be easily and briefly disposed of. It has already been decided by the Commission of Appeals "that the words 'microbe killer,' as used by the complainant, do not constitute a trademark;" that they were words in common use, employed by complainant in their ordinary sense, and that he had not acquired any proprietary right to their exclusive use; and it was also decided in the same case that the labels used by him and the defendant (in that case) respectively were so entirely dissimilar that no person of ordinary prudence and caution could be deceived thereby. Alff & Co. v. Radam, 77 Texas, 540, 541. After an able brief in support of a motion for a rehearing before the Supreme Court by one of the attorneys for the appellant in this case, in which numerous authorities and precedents were cited, that court refused to qualify the former opinion in any respect. We have again carefully examined the question as to whether appellant can appropriate "Microbe Killer" as a trademark, and are satisfied that the opinion in Alff & Co. v. Radam is correct. The symbol of appellant in this case as in the former, registered with the words "microbe killer" as his trademark, was not used by the Microbe Destroyer Company at all. It had no symbol of any kind, and there is no pretense that it was taken or infringed. We have no hesitancy in following the case formerly decided by the Commission. For generic names held not to be trademarks see Browne on Trademarks, section 134.

We see no error in the court's finding that there was no such similarity in the trademark, labels, or packages used by appellee to those

of appellant as would be calculated to deceive the public.    Both parties put up their medicine in gray or brown jugs with their labels pasted on them, and there may have been in the general appearance a similarity, but only in our opinion because of the jugs.    Taking the labels, the printed matter upon them, its arrangement and form, their color— one with a bright red border around it and an attractive red symbol or figure in the center, with printed matter in columns on each side of it, the other of yellow or blue paper with no symbol at all and no columns in print, and taking the entire packages in jugs so labeled—we do not see how an ordinary purchaser or even a casual observer could mistake one for the other.    If the labels, trademark, and packages, one or all combined, were not calculated to deceive an ordinary purchaser there is no infringement.    Am. Trademark Cases, 116, Caire's Appeal; Bell v. Lock, 8 Paige, 75; Cox Man. Trademark Cases, Nos. 72, 91, 123, 138, 157, 217; Conrad v. Brewing Co., Am. Trademark Cases, 316, reported in 8 Mo., 277.

A text writer on the law of trademarks says that to constitute an infringement "it is enough that the representations employed bear such resemblance to the genuine as to be calculated to mislead the public generally who are purchasers of the article, and to make it pass for the genuine."    Browne on Trademarks, sec. 385.    He copies in the text the doctrine announced by the New York Court of Appeals in the case of Popham v. Cole, 66 New York, 69, where it was held that the resemblance "must be such as to deceive a purchaser of ordinary caution."    We think this is the correct rule in cases where there is no intention to defraud.    Alff & Co. v. Radam, supra.    But it has been held "that the resemblance need not be such as would deceive persons seeing the two trademarks side by side, or as would deceive experts."    Tobacco Co. v. Hynes, Am. Trademark Cases, No. 136, p. 898.    In the last case the right to a recovery is made to depend upon such a similarity of the trademarks as "would deceive the ordinary purchaser purchasing as such persons ordinarily do."    We need not proceed further with the examination of authorities; there are many of them, and some of great respectability, that hold that if the similarity of trademarks, packages, color, etc., is such as to "deceive careless and unwary purchasers who buy goods with but little examination, but not such as to deceive purchasers who read the trademark and label," an injunction would lie. Williams v. Brooks, Am. Trademark Cases, No. 102, p. 654, reported in 50 Conn., 278, and authorities cited.

There was evidence before the court that some persons were deceived by the similarity of the two trademarks, labels, etc., but under all the facts the court decided the question in favor of appellee, as we think he should have done under the law.

The court also concluded from the evidence that there was no fraudulent design or intentional wrong on the part of appellees in adopting

their trademark, labels, and packages. It was the province of the court trying the case without a jury to solve this question according to the evidence. The evidence supports his finding, and we see no reason why we should set it aside.

It is assigned as error that the court should have permitted William Radam to answer the question, "Has any one applied to you for information regarding the Microbe Destroyer medicine?" which question the witness would have answered in the affirmative had he been permitted to answer. The question and answer were inadmissible. The object of the evidence as stated in the bill of exceptions was "to show that persons had been deceived in seeking to buy one medicine for the other." This was not the proper way to prove the fact. If persons were deceived they should have been called to speak to the fact. To allow Radam to state the facts, or to state facts from which such a conclusion might have been inferred, would have been hearsay. The court refused to allow Radam to state while on the stand how much he lost by reason of defendants having offered and sold their medicine in Houston. If there was error in this ruling as assigned it has become wholly immaterial, plaintiff having failed to show any interference with his rights as alleged and the court having so found.

Plaintiff set up the grounds upon which he claimed his trademark and labels were infringed, and that the infringement was fraudulent and wrongful, but he did not specify any loss occasioned to him in his sales or otherwise because of the interference. He laid his damages generally at $29,000. The court below sustained a special exception to the claim for damages, but held that a good cause of action was stated for injunction. There is an assignment of error that such ruling striking out the claim for damages is error. We think it unnecessary to consider the question raised, because it was correctly decided by the court that there was no infringement, fraudulent or otherwise, upon which damages if specifically alleged could have been predicated.

The court refused to allow proof of the reputation of the identity of the two medicines. There was no error in this; because, first, the identity of the medicines was not the issue, but only the similarity of the trademarks, labels, and packages; second, the evidence of the identity of the medicines would be inadmissible to prove the alleged infringement of trademark, etc., unless it were also shown that the similarity in trademarks created the reputation.

The court refused to allow E. W. Baker to answer the question, What representations, if any, Mrs. Reagan, as agent of Dr. Tobin, made at Kyle, Texas, as to the similarity of the two medicines? This ruling is complained of by assignment of error. Again we have to say that the similarity or identity of the medicines was not the question before the court. Besides this, the bill of exceptions does not disclose the

answer that would have been made to the question, and for this reason we can not consider the assignment.

Having considered all the important questions raised by the assignments of error, and finding no error, we conclude the judgment of the lower court should be affirmed.

*Affirmed.*

Adopted May 19, 1891.