COONEY v. EASTMAN et al. (No. 517.)

(Court of Civil Appeals of Texas. El Paso. Feb. 10, 1916.)

1. JUDGMENT ☞101 — PLEADING ☞129 — GENERAL DENIAL—ADMISSIONS.

In an action to foreclose vendor's lien notes, where the petition averred on information and belief that defendant, who was not the holder of the equity of redemption, had agreed with an owner to discharge such notes, a general denial does not, under Rev. St. 1911, art. 1902, as amended by Acts 33d Leg. c. 127, providing that any fact not denied by defendant, or as to which he does not deny his having knowledge or information sufficient to form a belief, shall be taken as confessed, put such averments in issue, and therefore a default judgment may be taken on such undenied allegations.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168–170; Dec. Dig. ☞101; Pleading, Cent. Dig. §§ 270–275; Dec. Dig. ☞ 129.]

2. VENDOR AND PURCHASER ☞261 — LIEN NOTES—ENFORCEMENT.

Holders of vendor's lien notes may enforce an agreement between defendant and an owner of the equity of redemption that defendant should discharge such notes.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674–686, 688–695; Dec. Dig. ☞261.]

3. JUDGMENT ☞101—DEFAULT JUDGMENT— PLEADINGS TO SUSTAIN.

In an action to foreclose vendor's lien notes on land of which defendant was not the owner, the petition averred upon information and belief that defendant had agreed in writing with the holder of the equity of redemption to discharge such notes. There was no averment, however, that plaintiff was the holder of such notes, and it appeared that the owner of the equity of redemption was not personally bound to discharge them. Held that, in view of Rev. St. 1911, art. 1827, as amended by Acts 33d Leg. c. 127, requiring the petition to contain a full and clear statement of the cause of action, the petition was insufficient to sustain a default judgment against defendant; the only averments concerning defendant's liability being hearsay, which, if proven, would not support a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168–170; Dec. Dig. ☞101.]

4. PLEADING ☞236—AMENDMENT OF ANSWER.

In such case defendant, a nonresident, filed a general denial. When the case was called for trial at the December term plaintiff, over defendant's objection, dismissed as to the holder of the equity of redemption who was not served in time to be proceeded against at such term. Defendant seasonably moved for leave to amend his answer, but was denied, and default judgment rendered against him. The amendment offered was that the agreement to discharge the vendor's lien notes was unenforceable because the holder of the equity of redemption did not perform his agreement. Held that, while under Rev. St.

1911, arts. 1824, 1825, and district court rule 27 (142 S. W. xix) such courts have the power to fix the time for filing pleadings and amendments thereto, yet an amendment should not be denied where no injury to the other side can result and it is in the interests of justice; hence it was improper to deny defendant leave to file his amendment setting up a good defense; for defendant might well have assumed that plaintiff would not go to trial without the holder of the equity of redemption, and the amendment was requested before an announcement of ready.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. ☞236.]

Error from District Court, Reeves County; S. J. Isaacks, Judge.

Action by Newton Eastman against P. Albert Cooney and others. There was a judgment for plaintiff, and defendant Cooney brings error. Reversed and remanded.

Clay Cooke, of Pecos, for plaintiff in error. Spencer B. Pugh, of El Paso, Leslie A. Needham, of Chicago, Ill., and Ross & Hubbard, of Pecos, for defendants in error.

HARPER, C. J. Appellee recovered a judgment against appellant, Cooney, and others for the sum of $1,785.50, being the amount, principal, interest, and attorney's fees due upon notes 1 and 2 of a series of four notes. Appellant, Cooney, urges that there is neither pleading nor proof to support the judgment against him.

The allegations in appellees' trial petition which in any wise state a cause of action against appellant are: That the four notes were executed by defendant A. B. Heath, trustee, by H. E. Heath, attorney in fact, and delivered to Dandridge and Pugh; that they recite that they were executed in part payment of the purchase money of certain lands and the usual recital of vendor's lien; that thereafter, and before the maturity of any or either of said notes, the said Spencer B. Pugh, by written indorsement thereon, transferred notes 1 and 2 for a valuable consideration, and guaranteed the payment of each of said notes at maturity on demand, waiving demand and protest on nonpayment thereof to this plaintiff; and that at and before the purchase by this plaintiff of said notes numbered 1 and 2, respectively, the defendant John B. Dandridge and E. Leslie Cole, each respectively, for and in receipt of a valuable consideration, indorsed in blank each of said notes numbered 1 and 2, respectively.

"Your petitioner further charges, upon information and belief, that the said P. Albert Cooney, on or about the month of June, 1912, entered into a certain contract in writing with the defendant H. E. Heath, who, on said date and prior thereto was the owner of the equity in the premises hereinbefore described, wherein and whereby the said Albert Cooney, for a valuable consideration, promised and agreed to pay and discharge each of the notes numbered 1 and 2 then and now owned by your petitioner, and that your petitioner, in addition to the foreclosure of the lien of said notes 1 and 2, is entitled to a personal judgment for the sum due and

owing your petitioner," etc., against defendant P. Albert Cooney, etc.

[1] It is admitted that there was no evidence adduced upon the trial in proof of the allegation that Cooney agreed with Heath to pay and discharge the notes sued on, but appellee contends that, the allegations not having been specifically denied, under article 1902, R. S., as amended by Acts 33d Leg. c. 127, they are taken as confessed; therefore no proof is necessary.

The defendant simply filed a general denial, and in no way specifically denied the allegation relied upon to sustain the judgment by default. Under this statute a general denial is not sufficient to prevent judgment by default, nor is it sufficient to permit defendant to controvert the allegations in plaintiff's petition. Spencer v. Levy, 173 S. W. 550. So, if the plaintiff's allegations copied above are sufficient to charge liability of the defendant to the plaintiff upon the notes sued upon, then this assignment is without merit.

[2, 3] There are no allegations charging that appellant, Cooney, was primarily liable. It is not charged that he was a maker or an indorser of the note, but the allegation is, "your petition charges upon information and belief" that Cooney agreed in writing with defendant H. E. Heath to pay and discharge the notes sued upon. There is no allegation that the plaintiff was at the time of filing the suit the legal owner and holder of the notes sued upon. These allegations do not bring appellee within the provisions of article 1827, as amended chapter 127, Acts 1913, that the petition shall contain a "full and clear statement of the cause of action." If this was evidence upon the trial of the case, it would simply be hearsay, and not sufficient to be the basis of a judgment; much less then must its probative force be, when reduced to its final analysis, as an allegation in the petition, for by failing to answer Cooney simply admitted that plaintiff had heard and believed that he (Cooney) had agreed in writing to pay the notes. Nor do they bring him within the well-established rule of law that:

"The liability of defendant to the plaintiff on the cause of action for which the suit is brought must be distinctly averred. It is not sufficient to show a right of action in other parties, which, as a matter of inference, it may be supposed the plaintiff is entitled to assert." Colbertson v. Beeson, 30 Tex. 76.

The allegation that Cooney agreed with H. E. Heath to pay the notes is not equivalent to charging that appellant agreed with appellee that he (appellant) would pay the notes in the hands of him (appellee). According to the allegations, H. E. Heath is not charged with liability upon the notes in question at any time. He, as attorney in fact, executed the notes for A. B. Heath, trustee. True, it is alleged that Heath was the owner of the equity in the lands, but there is no showing as to how such equi-

ty was acquired that it might be refuted. The petition therefore shows no cause of action against Cooney, and the recovery therefore cannot be maintained. Sneed v. Moodie, 24 Tex. 160, and cases there cited. There is, however, no doubt, that upon sufficient allegations and proof appellee could enforce Cooney's promise to pay the debt of Heath. McCown v. Schrimpf, 21 Tex. 22, 73 Am. Dec. 221; Stadler v. Talley, 3 Willson, Civ. Cas. Ct. App. § 472; Mathonican v. Scott, 87 Tex. 396, 28 S. W. 1063; Spann v. Cochran, 63 Tex. 240; Bank v. Texas, etc., 74 Tex. 421, 12 S. W. 101.

[4] The sixth assignment reads:

"The court erred in overruling the defendant's motion for a new trial because said motion showed a good and valid defense to the cause of action so far as a judgment against the said P. Albert Cooney is concerned, in that said judgment against him was rendered as by default because of a certain alleged allegation in plaintiff's petition, which the court held was not denied by the said defendant Cooney, and the court had theretofore refused the defendant Cooney permission and leave to deny said allegation, and had refused to permit the defendant Cooney to deny said allegation, and had refused to permit the defendant Cooney to deny same prior to the trial of said cause, and had refused to continue said cause upon the application of the defendant Cooney to give him an opportunity to contest said allegation and his motion for a new trial showed a good and valid defense to said allegation of the petition attempting to charge a personal liability against the defendant Cooney, and that same was false and unfounded, and said motion for a new trial should have been granted."

The amended petition upon which the judgment is predicated was filed September 8, 1914. Defendant Cooney was served, by delivering notice to him, as nonresident, in Chicago, Ill., on the 9th day of November, 1914. Defendant Cooney filed a formal answer. At the time of filing this answer Ida D. Cary, who then owned the legal title to the land upon which the lien existed, was a party defendant. Citation was served upon the last-named defendant one day too late for the December term of court. When the cause was called for trial, plaintiff dismissed as to said Cary, over the objections of Cooney, whereupon Cooney asked leave to amend his answer, which was refused by the court, whereupon jury was impaneled. The notes 1 and 2 were introduced in evidence, and testimony of witnesses as to the ownership of notes numbered 3 and 4 was introduced. The court then submitted one special issue to the jury, i. e.: "Is defendant Cooney the owner of notes 3 and 4?" The answer was: "No." Then a personal judgment was entered against defendant Cooney for the amount, principal, interest, and attorney's fees of notes 1 and 2, which judgment recites:

"It appearing to the court from the uncontroverted facts confessed by the pleadings and proved on the trial of this cause that the plaintiff should recover," etc.

Within the time prescribed defendant Cooney filed his motion for new trial. This

183 S. W.—7

was overruled. The motion contained the following allegations as to his liability upon the notes numbered 1 and 2:

"Defendant arrived in Pecos December 28, 1914, said cause was immediately called for trial, and defendant had no time to consult his counsel or prepare his defense; that said alleged Heath contract was an executory contract between the said Heath and this defendant requiring said Heath to secure a certain judgment in a cause then pending in court, and to convey to defendant certain lands and to assign to defendant said judgment; that said Heath did not convey said lands nor procure or assign to defendant said judgment nor perform the covenants therein contained on his part; that by reason of said contract no liability accrued on the part of this defendant to pay said notes 1 and 2 sued on; that in said contract defendant never at any time agreed to pay notes 1 and 2 upon any condition whatever, but was only, under said agreement, obligated to pay one of said notes in case said Heath performed his part of said contract, which he failed to do."

The above sets up a meritorious defense, and the facts alleged (in no way controverted) constitute a sufficient reason for not setting it up in an answer before the cause was called for trial, and the trial court should have set aside the judgment. Leonidas Holliday v. A. J. Holliday, 72 Tex. 585, 10 S. W. 690; Kruegel v. Porter, 136 S. W. 801.

Under articles 1824 and 1825, Revised Civil Statutes of 1911, and rule 27 for district courts (142 S. W. xix), said courts have the power to fix a time for filing pleadings and amendments thereto, etc. These rules were promulgated for the purpose of expediting the business of the court, but, where no injury to the other side can be shown by granting permission to file pleadings, the court has the power to relax the rules, and it should be done in the interest of justice. Lipscomb v. Perry, 100 Tex. 125, 96 S. W. 1069; Radam v. Microbe Destroyer, 81 Tex. 129, 16 S. W. 990, 26 Am. St. Rep. 783.

And any party to a suit should be granted leave to file pleadings or amendments up to the time of announcing ready for trial, and at any time thereafter, by withdrawal of announcement, if justice demands it. The courts should never feel that they are so pressed for time to dispose of the business before them, that they would enforce these rules to the letter where there is any doubt that a strict enforcement thereof would result in a refusal of a trial of the case between the parties upon its merits tested by the established rules of law and equity. In the instant case, considering the fact that plaintiff, by his suit, was not only seeking to recover the amount of the notes 1 and 2, as against defendant Cooney, but also against the other named defendants, but also asked a foreclosure of his vendor's lien upon the land, the legal title to which was at the time of the suit shown to be in Ida D. Cary, in connection with the further fact that, if the legal title to the lands was, in fact, in said Cary, no judgment foreclosing the lien could be effective without a decree against the then owner, Cary, appellant was justified in believing, and in acting upon the belief, that no judgment would be taken until service was completed upon said Cary; but, whether he was justified in this belief or not, when the cause was dismissed as to said Cary, he offered to amend his pleadings before announcing ready for trial. Therefore, whether plaintiff's petition was sufficient to be the basis of a judgment in the absence of an answer by Cooney denying the allegations of the petition strictly in accordance with the statute or not, he (Cooney) should in the interest of justice have been permitted to file his answer to the merits of the cause as plead.

There are other assignments charging error in the courts of the trial, and in the judgment as entered, but, if errors, they are not likely to occur upon another trial; so we overrule them without comment.

Reversed and remanded.

HIGGINS, J. (concurring). For the reasons stated in majority opinion, I think the refusal of the court to grant a new trial constitutes error.

I do not concur in what is said in that portion of the majority opinion relating to the sufficiency of petition. Since I concur in the result, it would serve no useful purpose to state in detail the grounds of my nonconcurrence.