

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~JOHN XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Secretary of State
Austin, Texas

Dear Sir:

Att'n: Claude A. Williams
Opinion No. O-1583
Re: Did the Secretary of State's
Department err in refusing to file
Mr. Wallace's application for the
registrations of the names "Texas
Hour" and "What Texas Makes Makes
Texas"?

  We are in receipt of your request asking for an opinion on whether or not the Secretary of State erred in refusing to file application for registration of the names "Texas Hour" and "What Texas Makes Makes Texas" for a radio program in accordance with Articles 843 to 851, Revised Civil Statutes, 1925.

  Accompanying your letter of request is a copy of the "application for registration of trade mark, label design, etc.," of F. S. Wallace properly executed and acknowledged.

  It reads in part:

  "Be it known that F. S. Wallace of 3418
Morrow Avenue, Waco, Texas, has heretofore
adopted and used a certain form of advertis-
ing and/or name and slogan and herewith
files the same for record in the office of
the Secretary of the State of Texas, as pro-
vided in Article 843 to 851, inc., R.C. 1925."

  "The purpose for which this label design,
etc., or class of merchandise on which the
same has been and is to be used is designation
of and use on - during and signature of a radio
program, promoting development of Texas natural
resources and industries."

  Article 851, Revised Civil Statutes of Texas, which is the statute under which the name and slogan "Texas Hour" and "What Texas Makes, Makes Texas", are sought to be regis-tered, provides in part:

"Every person, association or union of work-
ingmen, incorporated or unincorporated, that
has heretofore or shall hereafter adopt a label,
trade mark, design, device, imprint or form of
advertisement, shall file the same in the office
of the Secretary of State by leaving two facsim-
ile copies, with the Secretary of State, and said
Secretary shall return to such person, association
or union so filing the same, one of the said fac-
simile copies along with and attached to a duly
attested certificate of the filing of same, for
which he shall receive a fee of one dollar. ***"

Broad as the statute is in respect to "a label,
trade mark, design, device, imprint or form of advertise-
ment," still as to which words or phrases may be appropri-
ated and registered, the case law of the state has formu-
lated certain definite rules of guidance.

Geographical names are not subject to appropria-
tion as trade marks or trade names, according to the deci-
sions of this state.

UVALDE ROCK ASPHALT CO. v. CHAPIN-COLGLAZIER
CONST. CO., (Civ.App.) 299 S.W. 710, error
refused;
WINTER GARDEN DISTRICT CHAMBER OF COMMERCE v.
WINTER GARDEN FAIR (Civ.App.) 299 S.W. 512,
error dismissed.

Words or phrases in common use are common property
of the people, and are not subject to exclusive appropriation
and user.

ALFF v. RADAM, 77 TEX. 530, 540, 14 S.W. 164;
RADAM v. CAPITAL MICROBE DESTROYER CO., 81 Tex.
122, 16 S.W. 990;
DIXIEPIG CORPORATION v. PIG STAND CO., (Civ.
App.) 31 S.W. (2d) 325, certiorari denied,
283 U.S. 831, 51 Sup.Ct. 364, 75 L.Ed. 1443.

The word "Texas" is the peer of all geographical
names in this State, and the phrase "What Texas Makes, Makes
Texas" has in the process of time become a state-wide slogan,
familiar to the people of the Lone Star State and universal
in its application to the products of the state and their de-
velopment in trade, commerce and industry.

The principles of law above enunciated apply most
forcefully to these words and their attempted appropriation
for exclusive user.

Furthermore, it is with unmitigated apprehension that we view any monopolization or private exploitation of words which are the common heritage of the people and which are too symbolical of patriotism and the social and economic weal of the state to be used commercially. As a matter of public policy, the words "Texas" and "What Texas Makes, Makes Texas" must not be brought within the category of trade names or "form of advertisement".

It is our opinion that the words "Texas Hour" and "What Texas Makes, Makes Texas" may not be legally registered as the name and slogan of a radio program under Articles 843 and 851, inc., Revised Civil Statutes, 1925, and that the Secretary of State is not obliged to file such name and slogan and provide a certificate in accordance with the provisions of Article 851, Revised Civil Statutes, 1925.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Dick Stout
Dick Stout, Assistant

APPROVED NOV 20, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

DS:ob:wb