### SCANLAN & BARTELL v. C. C. WILLIAMS.

Decided December 19, 1908.

**Trade Name—Fraudulent Imitation—Evidence.**

Plaintiff and defendants were engaged in the same business in the same city; plaintiff advertised his business, especially in the telephone directories, as "C. C. Williams, Lone Star Moving Line," and "White Star Line (C. C. Williams, Prop.);" the defendants advertised their business through the same medium, as "S. Williams, Moving and Storage," and "White Line Moving Company, S. Williams, Proprietor;" it was shown that there was no person by the name of Williams connected with the business of the defendants. In an action by the plaintiff to enjoin the defendants from the use of the name "Williams" in connection with their business, on the ground that same was fraudulently intended to and did in fact deceive the public and divert plaintiff's business, evidence considered, and held sufficient to authorize the injunction prayed for.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*Love & Channell,* for appellants.

. *N. C. Abbott,* for appellee.—The evidence was amply sufficient to sustain every allegation of the petition, and the findings and judgment of the court. Alff v. Radam, 77 Texas, 530; Radam v. Capital Microbe Destroyer Co., 81 Texas, 122; Duke v. Cleaver, 46 S. W., 1128; Western Grocery Co. v. Caffarelli, 108 S. W., 413; Morton v. Morton, 82 Pac., 664; International Silver Co. v. Rogers Corp., 60 Atl., 187; Hall Safe & Lock Co. v. Herring-Hall-Marvin Safe Co., 143 Fed., 231; Donnell v. Herring-Hall-Marvin Safe Co., 28 Sup. Ct. Rep., 288; O'Connell v. National Water Co., 161 Fed., 545.

REESE, ASSOCIATE JUSTICE.—C. C. Williams brings this suit in the District Court to enjoin Scanlan & Bartell from using a certain trade name in their business to the injury of plaintiff. From a judgment for plaintiff perpetually enjoining defendants they prosecute this appeal.

It is alleged in the petition that appellee is, and has been for more than ten years, engaged in a general moving business in the city of Houston, and has built up a large and lucrative business, and established a reputation for careful and prompt handling of all goods entrusted to him to be moved or transported from one place to another in said city; that he has advertised his said business in his own name

of C. C. Williams and as the "Lone Star Moving Company," and that he has and uses in his said business the telephone systems in use in said city, and caused his name and business to be placed in the several telephone books published by the telephone companies as an advertisement.

It is alleged that appellants have been for some time engaged in the same business and are competitors of appellee in the moving business in the city of Houston, and that they advertise their business in their own names and also as the proprietors of the "Houston Moving and Storage Company."

It is further alleged that "for the purpose and with the intent of injuring the plaintiff, and with a view of misleading and deceiving the patrons of the plaintiff and the residents of the city of Houston, and taking advantage of the advertisements of the plaintiff, and of the good will and reputation he has established in said community, and otherwise wrongfully attempting to deprive this plaintiff of his just and lawful rights and fruits of his energy and good reputation, and the good will which he has by years of faithful service in his business builded up and established, the said defendants have caused to be inserted in the said telephone books, and in other advertisements, the name of S. Williams, as being engaged in the business of transferring and storing of goods, wares and merchandise, and have caused the location of the telephone, advertised in said books as that of S. Williams, to be located at and in the business place of the said defendants, and all the business obtained through said advertisements is done by the defendants and their employees; that in truth and in fact there exists no person by the name of S. Williams engaged in said business, and that the advertising of said business, and conducting same, and maintaining the telephones as aforesaid, was and is done by the said defendants with the purpose and intent of taking advantage of the good will and established business of the plaintiff, and of deceiving the patrons of the plaintiff and the residents of the city of Houston, and thereby inducing them to permit the defendants to do and perform services for them supposing and believing that the same was done and to be done for and on behalf of the plaintiff; that said wrongful acts and conduct of the defendants, and the advertisements by and through the name of S. Williams, has and does operate to injure plaintiff, deceive his patrons, and has and does induce such patrons to permit the said defendants to perform services for them, when in truth and in fact such services were intended for plaintiff and under his supervision and directions; and plaintiff further represents to the court that the said wrongful acts of the said defendants have done him, and will continue to do him, great and irreparable injury, for which he has no adequate remedy at law, and for which he has no remedy except through the order of this court restraining and enjoining the said defendants and each of them, and each and all their servants and employes, from so advertising and doing business as to deceive the patrons of the plaintiff and the residents of said city, and thereby make them believe and represent to them, that the business performed and to be performed, would be done by the plaintiff and his employes; that in addition to the wrongful advertisement and misrepresentations as aforesaid, the said defendants and their employes, when

the patrons of the plaintiff by telephone advertised as S. Williams, call for this plaintiff, represent to such persons that this plaintiff is temporarily absent, and thereby induce them to leave orders and permit defendants to do and perform such services to such patrons as was intended by them to be performed by plaintiff, thus wrongfully taking advantage, in the manner aforesaid, of the good will and good reputation of this plaintiff, to his great injury and damage aforesaid, and by said wrongful acts aforesaid, intend to and do get and perform business and render services which were intended for, and to be done by this plaintiff."

We set out the allegations of the petition thus fully for the reason that the court in its findings of fact incorporated in the judgment finds them to be true, in general terms.

Appellants answered by general demurrer and general denial, and further specially pleaded that they had never used or attempted to adopt or imitate the name of appellee; that many years ago they purchased the business and good will of a moving and storage business conducted by Ed. Williams under that name, and that they continued to use such name, as they had a right to do, until the death of said Williams, and that they thereafter acquired the right to use the name of S. Williams from a person of that name who had been for a long time identified with the moving and storage business, and who was in the employ of. and associated with them.

The judgment of the court contains the following findings of fact, which are here adopted as our findings of facts established by the evidence.

"1.  The allegations of said petition are true.

"2.  That for more than ten years last past the plaintiff has been engaged in the business of transferring goods, wares and merchandise for hire, and that he has builded a large, extensive and lucrative business, and that the good will of said business has become valuable to him, and that in said business he advertises to do, and perform such services in his own name and as Lone Star Moving Company, and uses in said business the telephone systems in use in the city of Houston, and causes his name and business to be placed in the several telephone books published by the telephone companies as an advertisement to his patrons, and generally to the residents of said city.

"3.  The defendants, Philip C. Scanlan and Herbert Bartell, compose the partnership of Scanlan & Bartell, and as such are engaged in a like business as that of plaintiff, and the plaintiff and defendants are competitors for the carriage and storage of goods within the city of Houston, and the said defendants advertise to do business in said firm name, and also as the proprietors of the "Houston Moving & Storage Company," and in said business use the telephone systems of said city.

"4.  The court further finds that the defendants, prior to the commencement of this action and since, have caused to be inserted and have kept and maintained telephone Number 590 in each of the Southwestern Telegraph & Telephone Company and the Citizens Telephone Company, advertising same business conducted by both plaintiff and defendants, in the name of the "White Line Moving and Storage Company, S. Williams, proprietor," and that said telephones are located in the business

place of the said defendants at 214 Fannin Street in the city of Houston, Texas, and all the benefit derived from such advertisement and use of both of said telephones is received by the defendants; that there is no such person as S. Williams engaged in that business, or that uses or has the benefit of the use of said telephones.

"5. That the maintaining of said telephone Number 590 in the name of said S. Williams in the published directories of each of said telephone companies, is intended to mislead and deceive the patrons of the plaintiff, and take advantage of his advertisements in said telephone directories, and does operate to mislead and deceive such patrons and take such advantage, and the maintaining and use thereof by the defendants was and is done with the purpose and intent of taking advantage of such advertisement and good will and established business of the plaintiff, and has operated and does operate to injure plaintiff, and induce his patrons to permit defendants to perform services for them, when such service was really intended for plaintiff, and that such wrongful acts have done and will do great and irreparable injury to plaintiff for which he has no adequate remedy at law.

"6. The court further finds that in the conduct of the business coming to the defendants by the advertisement and use of said telephone numbered 590 published in the telephone directories of both of said telephone companies, the defendants wrongfully and unlawfully took an unfair advantage of plaintiff by representing themselves as acting for the plaintiff, and in that way obtained business which was intended for plaintiff."

In addition to the findings of the trial court we further find that the use of the name of S. Williams in connection with the advertisement of their business, which was the same business as that in which appellee is engaged, in the way it was used by appellees, was calculated to mislead persons desiring to engage the services of those so engaged, and to induce them to give their business to appellants, when they intended to employ appellee, and that the use of the name of S. Williams in their advertisement by appellants, in the way it was used by them, was intended to have this effect, and was done by them for that purpose and not for any fair and legitimate purpose in carrying on and advertising their business.

The court enjoined appellants from conducting any part of their business in the name of S. Williams, and from representing to the patrons of appellee that they are doing business for and on behalf of appellee, and from advertising, maintaining or using the said telephones numbered 590 in the name of "White Line Moving & Storage Company, S. Williams, Proprietor," as published in the telephone directories, and from advertising, maintaining or using any telephone by any number whatever in the name of S. Williams, either personally or as proprietor of said White Line Moving & Storage Company, or any other company.

The assignments of error attack the judgment as not supported by the evidence and as against the great weight and preponderance thereof. We can not agree with this contention.

The evidence establishes conclusively to our minds, that the use of the name of S. Williams in connection with their business by appellants, as this was shown to have been done, was calculated to mislead

the public generally. Persons who knew appellee in a business way and going to a telephone directory for the purpose of getting the number of his telephone, and seeing the name of S. Williams advertised in directory as the proprietor of a moving and storage business, would not ordinarily notice the difference in the initals between such name and that of appellee. It might frequently happen that such persons would only know appellee as Williams, the proprietor of a moving and storage business. Only persons of more than ordinary care, or persons who knew appellee as C. C. Williams and that there were two persons of the name of Williams engaged in that business in Houston, would not ordinarily be misled. The evidence shows that a number of persons were so deceived, with the result that appellants got business that was intended for appellee, through telephone orders, as most of the business of that kind would naturally be done in an ordinary city.

And the evidence further leads irresistibly to the conclusion that the name of S. Williams in connection with their business was used by appellants, not because a person of that name had been at one time a trusted and reliable employe, but on account of its similarity to the name of appellee, their competitor, and for the purpose of getting, and with the expectation that they would thereby be able to get, business intended for their competitor. The use by appellants of two sets of telephones in their office, one telephone in each company doing business in Houston, in connection with their business in their own name, and one in each of said companies in connection with the same business in the name of S. Williams, and in addition one of the names in the telephone directory connected with the telephone in their office, was in the name of S. Williams as the proprietor of the "White Line Moving & Storage" business. It was said in Rogers v. Wm. H. Rogers Mfg. Co. (70 Fed., 1019), that "a tricky, dishonest and fraudulent use of a man's own name, for the purpose of deceiving the public and of decoying it to a purchase of goods under a mistake or misapprehension of the facts, will be prevented." Under the facts presented, the judgment of the court enjoining appellants was correct. (Alff v. Radam, 77 Texas, 530; Radam v. Capital Microbe Destroyer Co., 81 Texas, 122; Morton v. Morton, 82 Pac., 664 (Sup. Ct. of California); International Silver Co. v. William H. Rogers Corp., 60 Atl., 187 (Court of Errors and Appeals, N. J.); Rogers v. Wm. Rogers Mfg. Co., 70 Fed., 1019.)

What we have said disposes of all of the assignments of error which have been examined, and each of which is hereby overruled.

The assignments of error referring to appellee having at a former term engaged in similar (as denominated by appellants in their brief) "buccaneering" practices in an effort to get appellant's business, if it presents a defense to this suit, is not supported by the record.

We find no error in the record and the judgment is affirmed.

*Affirmed.*