HUGHES et al. v. HOWE GRAIN & MERCANTILE CO.

(Court of Civil Appeals of Texas. Dallas. Jan. 10, 1914. Rehearing Denied Jan. 31, 1914.)

TRADE-MARKS AND TRADE-NAMES (§ 93*)—IN-. JUNCTION—GROUNDS.

Where in an action by the "Howe Grain & Mercantile Company" to enjoin defendants from using the name "Howe Grain Company" the evidence showed that plaintiff had been in business about 25 years at Howe, Tex., under its corporate name, that it was commonly known by the latter name, that for more than 20 years one defendant had been its general manager, that a considerable portion of its business was done under the latter name, that much of its mail and many drafts and checks intended for it came addressed and payable to such name, all of which facts were well known to such defendant, and that he organized for the purpose of engaging in the same business at the same place, a business to be conducted under the latter name, knowing that he would, and intending to, thereby acquire an advantage and thus cripple plaintiff's business, plaintiff was entitled to the relief sought.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. § 93.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by the Howe Grain & Mercantile Company against J. A. Hughes and others. From judgment for plaintiff, defendants appeal. Affirmed.

McReynolds & Hay, of Sherman, for appellants. G. P. Webb and Wolfe, Wood & Haven, all of Sherman, for appellee.

RAINEY, C. J. There being no objection by appellee to the statement of the case made by appellants, the same is here adopted: "The Howe Grain & Mercantile Company, a corporation, appellee, filed this suit in the district court for the Fifteenth judicial district

in Grayson county, Tex., on the 22d day of June, 1912, seeking to enjoin and restrain appellant J. A. Hughes and any other persons interested with him from engaging in business at Howe, Tex., as the Howe Grain Company. In its original petition on which the case was tried, appellee alleged that for many years prior to June 8, 1912, appellant J. A. Hughes had been employed by it as its general manager; during said time it had been engaged in business at Howe, Tex., its main business being the buying, selling, and shipping of feedstuffs, hay, etc., to its customers; that it received quotations from various and sundry persons and concerns, and received applications for the purchase of such commodities, and its business largely depended upon its good reputation among its patrons and upon its continuance to receive such quotations and applications for the purchase and sale of grain, hay, and feedstuff; that on June 8, 1912, appellant ceased to be its general manager, and thereafter, over its protest and in disregard to its right, advertised himself, either alone or in conjunction with other parties at Howe, Tex., as the Howe Grain Company, purporting to do a business similar to plaintiff, * * * that is, dealing in hay, grain, feedstuff, etc.; that the names were so similar that the public generally were unable to distinguish between the two; that a great deal of the communications which came to plaintiff's office were addressed Howe Grain Company, had been so addressed in the past, and would likely be so addressed in the future; that appellant's former connection with the business as its manager and thereby being familiar with its business would render the alleged deception more certain, and, if appellant should be permitted to continue business as the Howe Grain Company, he would virtually destroy appellee's business, would reap for himself a reward that plaintiff had earned, and would have an unfair advantage in business, etc. Writ of injunction was prayed for and a temporary writ was granted by the judge of said court on June 22, 1912. Injunction bond having been filed by appellee as required by the order of said court, writ of injunction was issued on June 22, 1912. On July 1, 1912, appellant answered by: (1) General demurrer; (2) special exception that said petition was without equity and stated no cause of action, because the name Howe Grain Company, under which appellant had engaged in business, only contained a description of the nature of the business, and the location of same, and were not words subject to exclusive appropriation by appellee as a trade-name, but that appellee could not acquire the right to the exclusive use of the words the Howe Grain Company as a name. Appellants further answered by a general denial and by way of special answer pleaded: That it was true for a number of years appellant J. A. Hughes had been employed by appellee as its manager, and on or about the

8th day of June, 1912, said connection was terminated, that thereafter appellant J. A. Hughes and J. T. McCoy has formed a copartnership for the purpose of engaging in the grain business under the firm name of Howe Grain Company. That appellant J. A. Hughes had for many years been engaged in the grain business, had become acquainted personally and in a business way with individuals, firms, and corporations engaged in said business over a large scope of territory in Texas and in other states. That by honest ·business methods he had become favorably known to the public and grain dealers generally and had a reputation as an honest, conservative, and reliable business man, and a competent judge of grain, hay, and similar commodities, the grades thereof, etc. That the time of year when the most business is transacted in the grain business, and when the same is most profitable, is during June, July, and August, and the appellant J. A. Hughes having personal acquaintance with grain dealers throughout the country, began said business in the early part of June, 1912, for the purpose of taking advantage of the opportunity offered to do a profitable business during the season of 1912. That under the firm name of the Howe Grain Company, appellant had sent out many circulars, letters, and telegrams, etc., to grain dealers throughout a large scope of country seeking and giving quotations and prices on grain, grain products, etc., as was customary among dealers in such commodities. Said communications were sent for the purpose of obtaining orders and making sales of same, and to establish business relations. Also for the purpose of apprising the public generally and dealers in particular that appellant J. A. Hughes was no longer associated or connected with the Howe Grain & Mercantile Company, appellee, but had associated himself with J. T. McCoy and engaged in business as the Howe Grain Company; that by reason of his experience and reputation in business he could and would have established a large and profitable business relation, etc. That it was not true that appellant had ever represented to the public or to any one directly or indirectly that the Howe Grain Company was in any way connected or associated with appellant, the Howe Grain & Mercantile Company, nor had appellant by word, sign, or act sought to mislead or deceive the public, grain dealers, or individuals dealing with the Howe Grain & Mercantile Company, or to create the impression that appellants were in any way connected with said company. That appellee knowing of the business qualifications and reputation of appellant J. A. Hughes, and that he would be able to establish a profitable business, and desiring to conceal from the public and dealers the fact that appellant J. A. Hughes was no longer its manager, and desiring the impression to continue to exist among dealers that, in trading with appellee, they were dealing with J.

A. Hughes, and thereby obtain business which otherwise would have accrued to appellant, instituted this suit, and sought to restrain appellant from continuing in business as the Howe Grain Company. That said action was taken for the purpose of injuring, crippling, and destroying the business that appellant had begun and to prevent them from establishing their business until after the grain season of 1912 had expired. Appellant further pleaded that the words Howe Grain Company were merely descriptive of the place where appellants were engaged in business, the nature of the business transacted, and were not subject to exclusive appropriation by appellee as a trade-name. That the names Howe Grain & Mercantile Company and Howe Grain Company were essentially different, were dissimilar, and that no confusion of business would likely result from appellant engaging as the Howe Grain Company, nor had any damage been caused to appellee's business thereby. But, if mistaken in this and in case the court should find that confusion might arise on account of the similarity in names, that appellants were willing, if permitted so to do by the court, to conduct their business as the Howe Grain Company, accompanied by a statement 'not in any way connected with the Howe Grain & Mercantile Company' or any similar expression that to the court might seem proper in the premises, if permitted by the court to continue business under that name. Appellant further pleaded a counterclaim for damages resulting from the suing out the said writ of injunction, and prayed that the same be dissolved for cost of suit, and for such other relief as they might be entitled to receive in the premises. The case was tried before a jury under the charge of the court, and, a verdict having been returned in appellee's favor, judgment was rendered by the court on the 8th day of March, 1913, perpetuating the writ of injunction and against appellant for the cost of suit."

Error is assigned to the action of the court in refusing to instruct the jury to return a verdict in favor of appellant. The propositions submitted, in substance, were that the words "Howe Grain Company" were not subject to the exclusive appropriation by appellee as a trade-name; that something more than a similarity of names was necessary to establish unfair competition, which would warrant equitable relief by injunction, and that the undisputed evidence shows that appellant had not been guilty of any fraud, misrepresentations, or deceit to obtain unfair advantage of appellee, and the court should have given said instruction.

We conclude from the evidence that appellee had been in business for about 25 years at Howe, Tex., under its corporate name "Howe Grain & Mercantile Company"; that it was commonly known as the "Howe Grain Company"; that for more than 20 years appellant Hughes had been its general manager; that a considerable portion of its business was done under the name of Howe Grain Company; that much of its mail and many drafts and checks intended for it came addressed and payable to the Howe Grain Company; that all of these facts were well known to appellant Hughes; and that with such knowledge he organized and established, for the purpose of engaging in the same business as that in which appellee was engaged at Howe, Tex., a business to be conducted under the name of Howe Grain Company, knowing that he would, and intending to, thereby unlawfully acquire an undue and undeserved advantage, and by so doing cripple and damage appellee's business. The court did not err in refusing the special instruction to return a verdict in favor of appellant.

While appellee had not acquired such right to the words "Howe Grain Company" as to entitle it to hold such words as a trade-mark, yet we do think, under the facts and circumstances of this case, the adoption of such words as the name for the business established by appellants in the town of Howe was, in effect, such a fraud on appellee and the public as warranted the jury in finding a verdict in favor of appellee. The use of the words "Howe Grain Company" by appellants as a name in which to conduct their business, and coupled with the acts and conduct of appellant, was calculated to confuse and deceive persons of ordinary prudence, buying and trading with ordinary care, to believe they were in fact dealing with the Howe Grain & Mercantile Company, when, in fact, they were dealing with the Howe Grain Company. The court in its main charge sufficiently instructed the jury on this phase of the case, and no injury resulted to appellant in the refusal to give requested charge on this principle. The use of the name Howe Grain Company by appellants under the circumstances gave to them an unfair advantage in conducting their business, and in equity should have been enjoined, because, as was intended, it was a fraud and deception upon the appellee and the public. Alff v. Radam, 77 Tex. 530, 14 S. W. 164, 9 L. R. A. 145, 19 Am. St. Rep. 792; Scanlan v. Williams, 53 Tex. Civ. App. 28, 114 S. W. 862; 38 Cyc. 756.

Several errors are assigned complaining of the charge of the court and the refusal of requested charges. These assignments are overruled. The charge correctly and sufficiently applied the law to the facts and the special charges were either covered by the main charge or not appropriate, and no injury resulted in the refusal of the court to give them.

Several assignments of error are presented as to the admission of testimony. We think these assignments not well taken. The testimony admitted tended to explain the acts and conditions of the parties and

was competent, or was not calculated to affect the verdict.

Error is assigned to the remarks of counsel of appellee made to the court in the presence of the jury on the question of the admission of testimony offered in behalf of appellee. The counsel had propounded a question to elicit certain testimony, which was objected to by appellants' counsel. Appellee's counsel was endeavoring to convince the court that said testimony was admissible and the remarks were in reference thereto, and we think there is nothing in said remarks of which appellants have just ground for complaint.

The judgment is affirmed.