IHaiPirmr,, Cn. J.
What are the facts on which it is asked that this judgment be reversed? Tlie defendant was sued on a plain sealed note, and tlie citation was served nearly three mouths before tlie first succeeding' term of the court. He had ample time to employ counsel and instruct them in his defense; and if any such ground of defense as failure of consideration existed in fact, it should have been pleaded in the original answer, ltwasas we.ll known lo the defendant then as it could ever be in future. Instead of pursuing this tlie. only proper course of defense, he pleaded at tlie first time a general exception and a general denial, which, under the facts, could be regarded as no better than frivolous pleas.- The petition was altogether unexceptionable, and the. general demurrer was worthless as a plea.
There might, perhaps, bo a difference of opinion as to tlie. precise effect of a general denial in a snit on a note of hand. But at most it could effectuate nothing more than the production of the note on the trial. It cannot, put t.lic plaintiff on proof of the. signature of tlie defendant, nor will it authorize tlie defenses which the latter might set up under the general issue, of non-assumpsit at common law; and, at best, it cannot he regarded as a substantial plea where there is any good ground of defense. If such exist in fact, it ought, to be pleaded at the earliest practicable and convenient period. And the mode of pleading in this case, setting up worthless pleas in the first instance, and reserving a substantial ground of defense, of which the defendant was all along apprised, if it in fact existed, is not to be tolerated. But the objection to tliis mode of pleading does not stop here. Tlie defendant not *49 only pleads failure of consideration for tlie first time on the day of trial, a plea well calculated to surprise the plaintiff and thus effect further delay in the cause, but he presents the plea in a shape in which the statute plainly forbids it to be received, and then, after the failure of this attempt to bring in 1ns defense, lie moves to be permitted to clothe it in the garb in which it should at first have been presented. If there be anything in our statutes which is too clear to be mistaken it is the provision which declares that no pleas impeaching the consideration of any instrument or note iu writing under seal shall be admitted, unless supported by the affidavit of the defendant, &c.; and no such plea ought to be brought to the notice of the court, unless sustained by affidavit; and if rejected, its amendment ought not to be permitted, unless it can be shown that by some unavoidable accident the defendant was prevented from attending in time to make the necessary verification, or unless some other good reason he shown for a negligence otherwise inexcusable. But the defendant, after having had two opportunities to amend and file pleas which ought to have been filed at the commencement, not only sought leave to further amend, by annexing an affidavit to a plea which ought not to have been filed at all until supported by affidavit, also asked to be permitted to amend generally, at least such is the language of the hill of exceptions, and, iu the language of that bill, the application ivas refused, and properly too, because it came too late. Ho course could more effectually thwart the administration of justice than this mode of pleading. A primary object of judicial proceeding is, that litigation may be not only"justly hut speedily terminated. The delay of the law, even when unavoidable, operates frequently a most grievous hardship ; but the oppression would be intolerable if court's had no power to arrest experiments resulting inevitably in the indefinite extension of such delay, aud to enforce such promptitude as, while not sacrificing the rights of the vigilant, would yet prevent the course of justice from being trifle,d with, (lie cause from being- unreasonably retarded, and parties in other causes from being deprived of all chance of a hearing or of a termination of their controversies. There would he no end of a cause if it were indefinitely open for new pleadings and issues. Dispatch in judicial proceedings cannot be too iiighiy appreciated. One cause should not be permitted to “ drag its slow length along” to the detriment of other litigants before the court.
Note 20. — Reid v. Allen, 18 T., 2-11.
In this case there is no cause shown nor is there any apparent why the defense set up by the amendment was not pleaded in the original answer. Tins might not defeat the right of the party to plead it subsequently by way of amendment, but certainly he cannot exercise this right in sueli a mode as to surprise the plaintiff or create unreasonable delay iu the adjudication; and we are therefore of opinion that there was no error in refusing, under the circumstances, to permit the party to amend; and it is ordered that the judg--merit be affirmed.
Judgment affirmed.