## CHARLES MILLER v. LOUIS STURM.

1. In trials of the right of property, under Article 5312 of Paschal's Digest,
the plaintiff in execution has the burden of proof and the affirmative of
the issue, when the property levied on was taken from the possession
of the claimant; but the claimant has the burden and the affirmative,
when the property was taken from any other possession than his own.
It is sometimes difficult to determine in whose possession the property
was when taken in execution; and in such cases the court trying the
cause is to direct which party shall assume the burden of proof and
have the affirmative of the issue.
2. After parties have announced ready for trial they have no longer the ab-
solute right to amend their pleadings; and at no time have parties the
right to hold the business of the court in suspense, to enable them to
prepare pleadings which they should have previously prepared.

ERROR from Marion. Tried below before the Hon. J. D.
McAdoo.

The case is substantially indicated by the opinion of the
court.

*Moseley & Sparks, Culberson & Mabry,* and *Moore &
Shelley,* for the plaintiff in error.

*J. H. Rogers, A. W. O. Hicks* and *Robards & Blackburn,*
for the defendant in error.

OGDEN, J. We think there was no error in the judgment of
the court in this case which will authorize a reversal of the
same. The statute, Article 5312, Paschal's Digest, provides
that an issue in cases like the one at bar should be made up
under the direction of the court, and the case shall then be
tried by a jury as in other cases. The issue provided for has
reference more particularly to the question whether the prop-
erty is subject to the execution, and to the character in which
each party shall stand before the court and jury, and which

shall have the burden of proof; and prescribes that "in all " cases where the property levied upon was taken from the pos- " session of the claimant, then the burden of proof shall be " upon the plaintiff in the original writ of execution; but if " the property so claimed was taken from the possession of any " other person than such claimant, then the burden of proof " shall be upon such claimant."

It is sometimes difficult to determine from whom the property was taken under the writ, and in such cases the court is to direct which party shall assume the affirmative and the burden of proof. But in this case there could be no dispute of that character, and but little for the court to direct excepting as in ordinary cases. There had been one judgment by default, as the claimant had failed to prosecute his claim, and at a subsequent term of the court that judgment was set aside and a new trial awarded. · It may be gravely doubted whether that judgment would stand the scrutiny of a legal investigation. But as the subsequent trial operated in effect to re-establish the first judgment, and as no effort is now made to disturb the former rulings of the court, we do not deem it necessary now to correct an error which would result in no practical good.

On the 16th of August, 1871, a judgment was again rendered by default against the plaintiff in error, and from that judgment the claimant, Miller, has prosecuted this writ of error, and now complains of the ruling of the court in refusing to allow him to file his plea joining issue with the plaintiff in the original execution. It appears from the certificate of the court attached to a bill of exceptions, that after the cause was called in regular order, and both parties announced themselves ready for trial, and a motion had been made for another judgment by default, then the claimant asked leave to prepare and file a plea joining issue, which was refused by the court, and we think very properly. After parties have announced ready for trial, they have no longer any abstract right to amend, or to file any new pleadings. But more especially have they at no time a right to hold the business of the court in suspense, for them to prepare

pleadings of any character which might have been prepared out of court.

We see no error in the judgment of the District Court, and it is affirmed.

Affirmed.