EL PASO ELECTRIC RAILWAY COMPANY V. HOUSTON A. GALLIHER.

Decided December 23, 1903.

**Practice—Pleading.**

Obstructive pleading, interposed merely for delay or postponement, will not be countenanced. In striking out the supplemental answer in this case the trial court did not abuse its discretion.

Appeal from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Clark, Hawkins & Franklin,* for appellant.

*Bell & Kemp,* for appellee.

JAMES, CHIEF JUSTICE.—This appeal involved but one question. This action for personal injuries was filed March 26, 1902, was tried first in February, 1903, and the second time on June 12, 1903. It is made to appear that the case was called for trial about 11 o'clock in the forenoon of the latter date, and the papers not being on hand, the court asked counsel for both the parties if they would announce ready at the afternoon session, and they stated that they would if the papers were found, and the court called no other case, but took a recess until 2 o'clock. The papers were there at that time, whereupon defendant filed a second amended original answer. This contained among other things a plea of accord and satisfaction.

It appears that prior to the first trial defendant had propounded interrogatories to the plaintiff, and had asked him concerning a settlement of the matter of this suit, which settlement plaintiff in his answers denied. No plea on this subject was interposed at the first trial of the case, and none was filed until in the said second amended original answer which came in under the above circumstances.

The court sustained a motion to strike out the plea, among other reasons, because the case had been pending since March 26, 1902, and was once tried by a jury in February, 1903, and that accord and satisfaction had not been set up nor pleaded until this date and after the call of the case for trial, and it was now too late to plead same.

It seems a reasonable conclusion that defendant postponed this defense and interposed this plea at that particular time either to place plaintiff at a disadvantage in meeting same, or for the purpose of delaying or continuing the case. The discretion of the court was not abused and defendant has no legal right to complain of the ruling.

The judgment is affirmed. Lewin v. Houston, 8 Texas, 94; Trammel v. Swan, 25 Texas, 500.

*Affirmed.*

Writ of error refused.