### J. C. LIPSCOMB v. J. J. PERRY.

#### No. 1582.    Decided October 23, 1906.

**1.—Contested Election—Amendment—New Matter.**

In an election contest, after the case had been once continued, and exceptions to the original and to the first amended answer of respondent had been sustained, and on the day set for trial, a second amended answer set up new matter of defense, and an exception to the pleading because "said matter being pleaded for the first time on this day, under the statutes of Texas regulating contested elections, comes too late," was sustained by the court. Held, that this ruling was sustainable under the general rules of pleading placing the allowance of such amendment within the discretion of the court. (Pp. 125, 126.)

**2.—Same—Ground of Ruling.**

The objection that the amendment came too late invoked the discretion of the court, and his ruling sustaining it was not to be held restricted to the reason given by the objecting party. (P. 126.)

**3.—Discretion of the Court—Burden of Showing Abuse.**

The allowance of the amendment being discretionary, the burden was on the party complaining of its exclusion to show abuse of such discretion, and the ruling should be sustained where he showed no excuse for not sooner pleading the new matter so introduced, and his opponent did not assert surprise, the presumption being in favor of its correctness. (Pp. 125, 126.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Waller County.

*J. D. Harvey, W. J. Poole, Keet McDade* and *John M. Mathis,* for appellant.—A special exception to pleadings must point out, specifically, all the objections thereto intended to be relied upon. All objections not thus presented will be deemed waived, and the court should not consider same. Crayton v. Munger, 9 Texas, 293; Hays v. Bonner, 14 Texas, 631; Rule 18, Dist. and County Courts.

Where the record affirmatively shows that a special exception was sustained by the court on the grounds specified in such special exception, the Appellate Court should not assume that other grounds, not therein so expressed, formed the basis of such ruling.

*R. E. Thompson* and *W. W. Meachum,* for appellee.—In cases of all

kinds, including a suit for a statutory election contest, the plaintiff, as well as the defendant, must plead at the time and in the manner directed by law; and there is, at the fair judicial discretion of the trial judge, a limit to the right of amendment. Cartwright v. Chabert, 3 Texas, 267; Hardy v. De Leon, 5 Texas, 211; Frost v. Holmes, 8 Texas, 31; Matossy v. Frosh, 9 Texas, 612; Trammell v. Swan, 25 Texas, 500; Bailey v. Fly, 97 Texas, 425, 35 Texas Civ. App., 410; Alexander v. Brown, 29 S. W. Rep., 561; McCrary on Elections, sec. 285; Gibbons v. Sheppard, 65 Pa. St., 23, 35; Mann v. Cassidy, 1 Brewst., 32; Thompson v. Ewing, 1 Brewst., 68, 97, 101.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals of the First District, as follows:

"This suit was brought by J. J. Perry to contest the declared result of the election for sheriff in Waller County held November 8, 1904. J. C. Lipscomb is the contestee.

"A trial by jury resulted in a verdict and judgment in favor of Perry and Lipscomb has appealed. The cause is now pending before us on a motion for rehearing.

"By the first assignment of error appellant assails the action of the trial court in sustaining a special exception to all those parts of his second amended answer, which set up new defensive matter; not in response to any matter pleaded by appellee and not mere amplification of matter already pleaded in defense. The part of the exception necessary to be here stated is as follows:

" 'The contestant (appellee) especially demurs and excepts to said second amended original answer because he says that it appears from the allegations therein contained, which are hereby referred to for the full contents thereof, that all the matters therein alleged are new matter, and are not amendments of any matter set up in said contestee's original answers to contestant's notice of contest, which was filed herein on December 16, 1904, and are not amendments of any matter therein pleaded, and said matters being pleaded for the first time on this, the 2d day of October, A. D. 1905, under the statutes of Texas regulating contested elections, come too late, and of this, contestant prays judgment of the court, that the same may be stricken out, save and except the following matters pleaded in contestee's second amended answer.'

"Then follows a statement of the parts of the answer not excepted to. The exception as urged was sustained.

"The matter excluded, if admitted and established as true, would have changed the result of the contest.

"The petition for the contest assailed the conduct of the election at but one voting box in the county and the evidence establishing the allegations justified the judgment of the trial court.

"The following is a history of the course of the appellant and the action of the court thereon with respect to his pleading.

"The contest was filed on December 8, 1904, and due notice being given, answer was filed on December 16, 1904.

"On March 14, 1905, appellant was granted leave to file his first amended original answer of which privilege he did not then avail himself.

"On March 15, 1905, exceptions were heard to the original answer and sustained on account of the vagueness and indefiniteness of the answer and all of it was properly stricken out except the general denial.

"On March 29, 1905, defendant filed an amended answer containing the same defects upon which the court had ruled.

"On March 30, 1905, the case was continued on application of defendant and by agreement of parties was set by the court for trial October 2, 1905.

"On October 2 the case was called for trial and the questions of law arising on the pleadings were again presented to the court. It appearing that the court's ruling on the original exceptions had in no sense been complied with, the exceptions were again sustained and the first amended answer stricken out except as to the general denial.

"In all his amendments the defendant had undertaken to set up in offset to contestant's complaint, irregularities at other voting boxes, which, if corrected, would inure to defendant's benefit in the contest.

"When on October 2, 1905, the court had sustained exceptions to the amendment defendant was granted further leave to amend and pursuant to this general permission to amend defendant on October 3, 1905, and on the eve of a trial previously agreed to for that date, filed a second amendment, parts of which were responsive to previous exceptions and supplied the lack of definiteness therein pointed out, but the part excepted to did set up new matter not contained in the first answer.

"The parts of the amended answer to which the exception first above set out was sustained contained allegations of new and independent matter not embraced in any previous pleading filed by defendant and which from its nature and from the general nature of the case disclosed that in all probability it would have resulted in surprise to plaintiff and necessitated a continuance. The point of surprise was not made by contestant as far as this record shows, unless the above exception urged and sustained was sufficient to call it to the court's attention. The defendant offered no excuse and made no explanation of his failure to sooner discover and aver the new matter.

"The record in no way discloses, except as above indicated, for what reason the court declined to permit the matter objected to to remain as a part of the defensive pleading.

"This court on the main hearing construed the trial court's action as a holding that the statutes governing contested elections did not permit amendments to the original answer except in mere amplification or explanation of defensive matter already pleaded, and following Bailey v. Fly, 97 Texas, 425, we reversed the judgment.

"We respectfully propound for your decision the following question:

"1. In view of the fact that had the trial court clearly based his action upon the abuse by defendant of the privilege of amendment, his ruling would have been justified, did we err in holding that we could not look beyond the exact exception sustained and uphold his ruling for a reason not given and which did not affirmatively appear to have controlled him?

"2. In holding his action error did we rightly construe the exception sustained?

"3. Were we correct in sustaining the assignment?"

The exception set out in the certificate as presentel by the contestant to the amended pleading of the contestee asserted that the matters specified were then pleaded for the first time and that they came too late, and asked that they be stricken out. The statute regulating contests of elections was referred to as the law under which it was contended the pleading came too late. This reference to the particular law was only matter of argument, which was mere surplusage, and which, if erroneous, did not preclude the party from relying upon, nor the court from enforcing, any rule of law which condemned the pleading as coming too late. Besides, as we held in Bailey v. Fly, the statute regulating contests of elections expressly makes applicable to those proceedings the general rules controlling the amendment of pleadings in civil cases, and the reference in the exception to that statute could only have invoked those rules. We are therefore clearly of the opinion that it was competent for the trial judge, in passing upon the exception, to apply the well settled rule which gave to him the discretion to allow or disallow the introduction of new issues as the time and circumstances might, in his judgment, make proper. The contestee did not have the absolute right, at that time, to so change his pleading subject only to the right of the other party to show that he would be surprised and prejudiced thereby, but it was within the discretion of the court, after it had sustained exceptions to the previous pleading, to refuse or permit other pleading than a trial amendment to supply the defects therein, as the justice of the case demanded. (Radam v. Microbe Destroyer Co., 81 Texas, 129; Contreras v. Haynes, 61 Texas, 105.)

Before the adoption of the rule as to trial amendments it had often been held that there is a limit to the right of amendment, and that a time must come in the progress of a cause when the court may properly refuse to allow its further exercise. (Lewin v. Houston, 8 Texas, 94; Matossy v. Frosh, 9 Texas, 612; Trammell v. Swan, 25 Texas, 500; Reid v. Allen, 18 Texas, 243.) At such time the refusal or allowance of an amendment becomes discretionary with the court and the party attacking the exercise of that discretion must show that it has been abused to his injury. As we have said, the exception called upon the court to determine whether or not, after all the time and opportunity contestee had enjoyed, after exceptions to his answer had been sustained, and leave granted him to amend preparatory to the trial about to begin, which leave legally gave him only the right to perfect the pleadings to which exceptions had been sustained, contestee should be allowed to add to his defenses already made by the introduction of entirely new matter. When the court acted it was in the exercise of its sound discretion and the presumption is that its action was based upon a due consideration of all of the facts which should affect it. The party complaining can not say that any absolute right of his was violated and, therefore, in order to successfully attack the ruling, he must show an abuse of the discretion and an injury to him. The burden is not upon the opposite party to show affirmatively that the ruling was correct because he would have been surprised by the pleading. The rule laid down in the decisions referred to is not that the right of amendment exists subject to

the right of the opposite party to show that the proposed pleading would surprise him, but that in such situation the matter is subject to the sound discretion of the court, the exercise of which may be based, not only on the fact that the pleading on its face appears to be calculated to surprise, but also on the fact that it may delay the trial and impede the speedy and orderly administration of justice and the dispatch of the business of the court. (Lewin v. Houston, supra.) For these reasons it is apparent that in reviewing such a ruling the inquiry is not controlled by the fact that in the exception sustained surprise is not mentioned as the reason why the amendment should be stricken out. Had the court permitted the plea to stand, it might be that, because of the presumption in favor of the correctness of the ruling, the contestant, in order to show an abuse of discretion and consequent injury to him, would be required to make some such matter appear, but the same presumption sustains the ruling actually made until abuse of discretion is shown.

Because of the character of the discretion with which the law invests trial courts, it would be difficult to hold that the inquiry as to the regularity of the action taken by the trial judge in this case is to be restricted to the precise reason advanced by the successful party to secure the ruling, but, as we have seen, the reason assigned, that the pleading set up new matter when it was too late, did invoke the consideration by the court of all the circumstances affecting the proper exercise of its discretion. It is therefore enough for this case to answer the second question in the negative and, as to the third, to say that the facts stated in the certificate do not show an abuse by the trial court of its discretion and the Court of Civil Appeals, upon those facts alone, erred in sustaining the assignment.