## MOORE–DE GRAZIER CO. v. HAWLEY et al. (No. 8525.)

(Court of Civil Appeals of Texas. Dallas. April 23, 1921. Rehearing Denied May 28, 1921.)

**1. Execution ⬥194(1)—Where property taken from possession of another, claimant had burden to establish its right.**

Where the sheriff did not take certain property from a company's possession on writ of execution served in another company's behalf, the company first mentioned as claimant had the affirmative of the issue and the burden of proof to establish its right to the property, possession of which was taken by the sheriff under execution to another, the findings showing that the company first mentioned never had any possession except that acquired by filing claimant's bond and affidavit, and such possession not carrying the presumption of right thereto in favor of the company, which presumption would have existed only in the event of the sheriff's having taken the property from such company under the writ of execution followed by the company's regaining possession through filing claimant's bond and oath.

**2. Trover and conversion ⬥5—No conversion through levy as against company which had no valid claim to property.**

Where a company had fixed its lien on certain property by levying execution, and the goods were of value enough to pay the claims of both itself and another creditor, and a second company had no valid claim to the property as against either of such creditors, there was no conversion of the property on the part of the first-mentioned company through levy of the execution.

Error from Ellis County Court; L. F. Wilson, Judge.

Suit by H. H. Hawley and others against the Moore-De Grazier Company, the H. H. Hawley Company, and others. To review judgment for defendant the Hawley Company on its cross-action against the Moore-De Grazier Company, the latter brings error. Affirmed.

Thomas, Milam & Touchstone and Allen Wight, all of Dallas, for plaintiff in error.

G. C. Grace, of Waxahachie, and Solon Goode, of Dallas, for defendant in error.

HAMILTON, J. This appeal comes to us without a statement of facts or any bills of exceptions. No briefs are filed, but a written argument is presented suggesting fundamental error. We have examined the pleadings of all the parties, and we find the pleadings of each of the parties in whose favor the judgment was rendered to be sufficient to support it. The suit was instituted by certain of the defendants in error, who were landlords, against their tenant, a merchant, for rent due upon the store building in which he conducted his business, and also against H. H. Hawley Company and Moore-De Grazier Company; the complaint against the two last named alleging separate conversions by them of a stock of jewelry in the store and upon which the landlord's lien was asserted.

Defendant in error, H. H. Hawley Company, upon its cross-action against plaintiff in error, recovered judgment. From this recovery alone plaintiff in error appeals upon the proposition that fundamental error is disclosed in the following findings embodied in the judgment:

"(1) That on, to wit, the 22d day of April, 1916, the defendant M. W. Dickinson was justly indebted to original plaintiffs T. A. and M. J. Ferris in the sum of $298.55 for rent of a building in Waxahachie, Tex.

"(2) That on said 22d day of April, 1916, the defendant Dickinson had and possessed in said

rented storehouse a stock of goods of the value of $500, upon which said T. A. and M. J. Ferris had a valid landlord's lien for the security of their said rent claim.

"(3) That on, to wit, said 22d day of April, 1916, the defendant H. H. Hawley Company caused a writ of execution form a justice court of Dallas county, Tex., in its favor against said M. W. Dickinson to be levied on said stock of goods to make a judgment in its favor against said Dickinson for $195.96 and costs of suit, and caused the officer to take possession of said goods under said writ, and afterwards, on the 21st day of April, 1916, the defendant Moore-De Grazier Company claimed said goods as its own, and took the same from the officer through a claim bond, and subsequently caused the claim proceedings to be dismissed.

"(4) That the claim of said Moore-De Grazier Company to said goods was not valid against either the original plaintiffs or defendant H. H. Hawley Company.

"(5) That the action of defendants H. H. Hawley Company and of Moore-De Grazier Company as to plaintiffs amounted to a conversion, and the action of said Moore-De Grazier Company further amounts to a conversion as to the defendant H. H. Hawley Company."

[1] Plaintiff in error's first specification of fundamental error is as follows:

"The court erred fundamentally in finding Moore-De Grazier Company guilty of conversion as against H. H. Hawley Company on account of the filing by Moore-De Grazier Company of a claimant's oath and bond and their taking possession thereunder of property on which H. H. Hawley Company claimed a lien by execution, when the pleadings of H. H. Hawley Company alleged and the court found that the trial of the right of property arising from such claimant's bond was dismissed."

Under this assignment the following proposition is advanced:

"A plaintiff in execution loses his lien as against one who files a claimant's oath and bond when he permits the proceedings thereunder to be dismissed, he being also the plaintiff in such proceedings."

If the soundness of this proposition were unquestioned, it would not necessarily follow that fundamental error is disclosed. However, the proposition does not soundly apply to this case. The sheriff did not take the property from Moore-De Grazier Company's possession under the writ of execution served in H. H. Hawley Company's behalf. This being so, Moore-De Grazier Company, as claimant, had the affirmative of the issue and the burden of proof to establish its right to the property, the possession of which was taken by the sheriff under the execution from another, the findings showing Moore-De Grazier Company never had any possession, except that acquired by filing the claimant's bond and affidavit. Possession thus acquired did not carry the presumption of right thereto in favor of plain-tiff in error. Such presumption would have existed only in the event of the sheriff's having originally taken the property from plaintiff in error under the writ of execution, followed by plaintiff in .error regaining possession through the process of filing a claimant's oath and bond. Miller v. Sturm, 36 Tex. 291.

[2] The second specification of fundamental error is as follows:

"The Court erred fundamentally in rendering judgment in favor of defendant H. H. Hawley Company against defendant Moore-De Grazier Company on said H. H. Hawley Company's cross-action when the court in its judgment found that both of such defendants had converted the property involved as against the plaintiff."

This suggestion of fundamental error is nullified by the following findings in the judgment: That the Hawley Company had fixed its lien, so far as appellant is concerned, on the property by levying the execution; that the goods were of value enough to pay the claims of both Ferris and the Hawley Company; and that Moore-De Grazier Company had no valid claim to the goods as against either of the defendants in error.

We do not think we can say the judgment appears to be fundamentally erroneous, and it is therefore affirmed.