## AMERICAN RIO GRANDE LAND & IRRIGATION CO. v. BARKER.
### (No. 7247.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 17, 1924. Rehearing Denied Jan. 14, 1925.)

1. **Conspiracy ⊚═18 — Petition alleging facts constituting conspiracy need not state there was conspiracy.**

Petition stating facts constituting conspiracy need not state that such facts constituted conspiracy.

2. **Pleading ⊚═248(13) — Cause of action for rescission pleaded by original petition held not different from that pleaded by amended petition.**

In action to rescind land contract, to cancel deed, and to recover damages, in which original petition alleged facts constituting conspiracy between the defendants to defraud plaintiff, amended petition alleging facts more in detail, and stating that such facts constituted a conspiracy, held not to plead different cause of action.

3. **Pleading ⊚═236(1)—Filing of amendments largely discretionary with judge.**

Filing of amendments under Rev. St. art. 1824, and court rule No. 27, is largely discretionary with trial judge.

4. **Appeal and error ⊚═959(1)—Permission to file amendments not reviewed, unless there has been clear abuse of discretion.**

Permission to file amendments will not be reviewed, unless there has been a clear abuse of discretion.

5. **Appeal and error ⊚═948—Burden of showing abuse of discretion as to amendment of pleadings rests on party assailing action.**

Burden of showing abuse of discretion as to amendment of pleadings rests on party assailing action of court.

6. **Pleading ⊚═245(4)—Amendment to pleadings may be made after jury has been selected and some evidence introduced.**

Under Rev. St. art. 1824, and court rule No. 27, an amendment to the pleadings may be made after jury has been selected and some evidence introduced.

7. **Conspiracy ⊚═18—Allegations as to conspiracy to defraud public held proper to show existence of conspiracy to defraud plaintiff.**

In purchaser's action to rescind contract, cancel deed, and to recover damages, allegations of general conspiracy among defendants to sell and dispose of lands off the same grant with that sold to plaintiff for sums far above their actual value, and to defraud and swindle the buying public, held proper to show existence of conspiracy to defraud plaintiff.

8. **Conspiracy ⊚═19—Evidence held to prove conspiracy to defraud purchaser.**

In purchaser's action to rescind contract, cancel deed, and to recover damages on the

ground of fraud, evidence *held* to prove conspiracy between defendants to defraud purchaser.

**9. Trial ⬳232(2)—Rule as to instructing jury to which special issues are submitted stated.**

In a case submitted on special issues, only sufficient general instructions should be given as will enable the jury to intelligently answer the questions.

**10. Conspiracy ⬳14—Acts and declarations of one conspirator in pursuance of common design are acts and declarations of coconspirators.**

The acts and declarations of one conspirator constitute the acts and declarations of the others, when made in pursuance of the common design.

Appeal from District Court, Hidalgo County.

Suit by E. R. Barker against the American Rio Grande Land & Irrigation Company and others. Judgment for plaintiff, and named defendant appeals. Affirmed.

Gause & Kirkpatrick, of Mercedes, and Glasscock & Leslie, of McAllen, for appellant. W. L. Dawson, of Mission, and A. W. Cameron and J. C. Epperson, both of Edinburg, for appellee.

FLY, C. J. This suit was instituted by E. R. Barker against the Stewart Farm Mortgage Company, W. E. Stewart Land Company, and the American Rio Grande Land & Irrigation Company, to recover of the named defendants a rescission of a contract of a sale of land, to cancel the deed of conveyance to the same, and to recover the sum of $8,275, actual damages, and $15,000, exemplary damages, and for a foreclosure of a lien on the land. The cause was submitted to the jury on special issues, and on the responses thereto judgment was rendered in favor of Barker against the defendants, jointly and severally, for the sum of $5,935, with interest and costs, and for the foreclosure of an equitable lien on the land described in the petition. This appeal has been perfected by appellant alone as against appellee alone. Appellee entered a remittitur of $590.

The demand of appellee is based on the fraud of the defendants, acting through a conspiracy to defraud appellee, and the jury found:

That appellant entered into a conspiracy with the W. E. Stewart Land Company and the Stewart Farm Mortgage Company to sell lands to appellee through fraudulent misrepresentations of material facts concerning said lands, that appellee was induced by such misrepresentations of facts to purchase the west 20 acres of lot No. 12, in block 101, of the Campacuas addition subdivision, in Hidalgo county, that the fraudulent misrepresentations were made by the officers and agents of appellant to appellee to induce him to purchase the land, and appellee did purchase said land, and placed improvements on the land, which enhanced its value in the sum of $2,275. The evidence sustains the findings of the jury. The facts show that the three corporations were acting together in procuring buyers for the land, and were interested in all the land deals.

The transcript of the record in this case is very voluminous, containing 259 pages, and the statement of facts containing 570 pages. The brief of appellant consists of 139 typewritten pages, presenting 99 assignments of error, with 20 propositions.

[1, 2] The amended petition did not set up a different cause of action from that alleged in the original petition. The original petition was based on the fraud of the parties sued, and a conspiracy between them and the facts set forth therein created a conspiracy between them to perpetrate that fraud. It was not necessary to label the facts and state that they constituted a conspiracy. In the original petition facts were alleged that constituted a conspiracy. In addition it was in terms alleged that in making the false statements "each of the defendants, its officers, agents, and employés connived, conspired, co-operated with and worked hand in hand with each and every other defendant herein; that by reason thereof each and every defendant herein, their officers, agents, and employés, became parties to, participated in, and ratified all of the acts of fraud and deceit hereinbefore alleged and set out, by virtue of which they, and each of them, benefited as hereinbefore and hereinafter stated." The allegations show a clear conspiracy under the law, as well an agency, existing between appellant and the other defendants. There was no change in the cause of action in the amended petition; the latter merely setting out the facts of the conspiracy more in detail. Railway v. Hales (Tex. Civ. App.) 196 S. W. 903; Sullivan v. Ramsey (Tex. Civ. App.) 155 S. W. 580. The first, second, third, and tenth assignments of error are overruled.

[3-6] The filing of amendments to pleadings is largely within the discretion of the trial judge, and permission to file such amendments will not form the subject of review unless there has been a clear abuse of such discretion. Stress seems to be placed by appellant upon the fact that an amendment was permitted after the trial was begun, the jury selected, and some evidence introduced. It must be while the trial is in progress that a trial amendment can be filed; which character of amendment is recognized under Texas practice. Rule 27 provides for the filing of trial amendments, and Rev. St. art. 1824, provides that all amendments must, when the court is in session, be filed under leave of the court. The burden of showing

an abuse of discretion as to amendment of pleadings rests on the party assailing the action of the court. Lipscomb v. Perry, 100 Tex. 122, 96 S. W. 1069. No claim is made in assignment or proposition that any injury was sustained by appellant because of the trial amendment being permitted. Appellant's objections to the amendment are mere abstractions.

[7] The allegations of a general conspiracy among the defendants to sell and dispose of lands off the same grant with that sold to appellee, for sums far above their actual value, and to defraud and swindle the buying public, were properly made as showing the existence of a conspiracy to defraud appellee, and the court did not err in refusing to sustain exceptions to such allegations. No question of conspiracy arose in the case of Goree v. Uvalde Bank, 218 S. W. 620, decided by this court, and that case has no bearing on this. The question of intent of the parties may not have been a material inquiry; but the existence of a conspiracy was of vital importance. This ruling disposes of the fourth proposition, as to the allegations, and of the fifth proposition, as to evidence admitted under the allegations. The allegations set forth and the evidence showed an acting together of the parties in the fraudulent scheme to defraud the purchasing public. It showed a general course of conduct by the parties towards the public. It tended to show a continuous acting together in furtherance of a common design. The evidence of Shaw, appellant's engineer and general manager, tended to show that appellant was acting together with the defendants, whose fraudulent action is not questioned by appellant. The Stewart Companies dealt with appellant's lands. The president of appellant told appellee, before he paid for the land, that it belonged to Stewart. As said by this court in San Antonio Gas Co. v. State, 22 Tex. Civ. App. 118, 54 S. W. 289:

"Conspiracies, being in defiance of law, are conceived in secrecy and executed in such a manner as to avoid detection and exposure, and proof of such unlawful enterprises must, in the very nature of things, be made by circumstances, and every circumstance which tends to cast light upon the transaction is legitimate and proper."

As quoted in State v. Racine Co., 63 Tex. Civ. App. 663, 134 S. W. 400:

"If two persons pursue by their acts the same object, by the same means, one performing one part of the act and the other another part of the act, so as to complete it, with a view to the attaining of the object which they were pursuing, this will be sufficient to constitute a conspiracy."

In this case the evidence shows that the parties were essential to each other; the one supplying land and water, the other doing the active work of procuring buyers. Under the facts appellant's president stated that the other defendants owned the land and advised the purchase of it, but afterwards, when the purchase money had been paid and the improvements made, appellant discovered that the land belonged to it, and not to Stewart. Both appellant and Stewart knew or should have known who owned the land, and they perpetrated a fraud upon appellee in inducing him to pay for the land and make the improvements, and they should be compelled to reimburse him for the outlay on the land.

As bearing upon the point at issue, we quote from Chamberlayne, Mod. Law of Ev. vol. 4, § 3244:

"The fact of a conspiracy, or the existence of a common purpose among several persons, may be established by proof of the acts of such persons on other occasions, though the actors may have been separated by long distances, and though the acts in question cover an extended length of time. In other words, where a series of acts are the manifestation of a common design or constitute a systematic plan of operations, evidence of what happened on other occasions embraced in the series will be admissible to show who did the particular act at the culmination of the series, or was otherwise connected with it, and the motive with which it was done. Frequently, the existence of a common purpose can only be established by such proof and a comparison of the different acts, and observing the presence of a unity of design to which the several acts are intelligently adopted. Practically, it is in this way that the conspiracy is most frequently established, in the absence of admissions or confessions."

[8] The facts show that lands in some instances were sold by the Stewart corporations to purchasers, and afterwards conveyed by appellant to such corporations, and other instances in which lands were conveyed out of appellant's lands by said Stewart interests, and not conveyed by appellant to them. All those transfers must have been made, as was the one to appellee, with the knowledge and consent of appellant. The latter assisted in selling the land to appellee, and then repudiated it after the purchase money had been fully paid and the improvements made. There was a contract of sale of the Capisallo land between appellant and the Stewart Land Company, in which it was agreed to convey the land in 40-acre tracts; the conveyance of the land being left largely to the discretion of appellant. The Capisallo Construction Company, which built the canal for appellant, was organized by Stewart, and W. F. Shaw, its president, was the vice president and manager of appellant at the same time. The evidence, under the decision of the Commission of Appeals, in Paschen v. Lovett (Tex. Com. App.) 255 S. W. 385, sustains the view that the Stewart corporations were acting for and in behalf of the appellant. The two corporations were merely the agents and rep-

resentatives of appellant. There is no escape from the fact that the three parties were acting together in furtherance of the common design, and so acted in regard to the sale of the land to appellee. Appellant received the benefit of all the improvements made by appellee and $1,000 of his money, and, although it had induced him to buy the land, it refused to convey it to him or to furnish him water to irrigate it. Appellant was the beneficiary of the fraud of the Stewart Companies knowingly and, it would seem, premeditatedly. The sixth, seventh, eighth, ninth, tenth, eleventh, and fourteenth propositions are overruled.

Appellee was not called upon to plead the different facts, whether they consisted of written instruments or other acts. Every circumstance tending to show a conspiracy, whether a written contract, a release of vendor's lien, or other instrument, were admissible in evidence. The twelfth proposition is overruled.

The amended petition declared upon the same cause of action as the original petition, and the thirteenth proposition is without merit.

[9] The fifteenth proposition attacks the charge of the court; but it is not only multifarious, but without merit. The charge is "not open to the objections made to it. In a case submitted on special issues only sufficient general instructions should be given as will enable the jury to intelligently answer the questions." That end was accomplished in this suit.

The sixteenth, seventeenth, eighteenth, nineteenth, and twentieth propositions are overruled.

[10] In conclusion we hold that the proof clearly showed a common purpose of all three corporations. Appellant performed its part in the combination by furnishing the land for which the others were to find purchasers, and appellant was to assist in making sales of the land by the presence and advice of its officers, and by promises to furnish water for irrigating the land. The acts and declarations of one of the parties were the acts and declarations of the other when made in pursuance of the common design to sell land at altitudinous prices. The system was a well-defined one, and intended to consummate well-laid schemes. It would be repugnant to common sense and reason to believe that the long, continuous acts of the Stewart corporations, which are not defended by appellant, were unknown to appellant. Stewart represented that he owned the land bought by appellee, and when the latter went to appellant's president he confirmed what Stewart had said, and told appellee he was wise to take the lot. After all the money had been paid, however, and the improvements made, appellant denied that Stewart owned the land and refused to furnish the water. The jury were justified in finding a conspiracy.

The judgment is affirmed.