### WOOD v. YOUNG. (No. 1758.)

Court of Civil Appeals of Texas. Beaumont.
Nov. 8, 1928.

Ramsey & Minton, of San Augustine, for plaintiff in error.

Bogard & Anderson, of San Augustine, for defendant in error.

O'QUINN, J. We shall refer to defendant in error as plaintiff and to plaintiff in error as defendant, that being their attitude in the trial court.

Young sued Wood in the county court of San Augustine county to recover in the sum of $200, alleged to be due him as a commission of 5 per cent. on a sale of certain real estate situated in said county, and for interest on said sum in the nature of damages from December 24, 1926, the date of the alleged sale of the property, to the date of the trial of the case, averring he had been damaged in the sum of $250, and by amended petition also sued for $20 attorney's fees as for personal services rendered defendant.

Service was perfected for the November, 1927, term of the court. Wood, the defendant,

appeared and in due time filed his plea of privilege to be sued in the county of his residence, which he alleged was Harris county. Plaintiff filed his controverting affidavit to the plea, asserting that the suit was based upon a contract in writing to be performed in San Augustine county. It appears that the plea was not heard at this term of the court, but was passed to the next (February) term without prejudice by agreement of the parties. At the February term, 1928, the cause was regularly reached on March 9th, and defendant's plea of privilege was heard and overruled. Thereupon defendant requested leave to file a plea (which was already prepared) to the jurisdiction of the court, based upon the amount involved, contending that the amount in controversy was only $200, wherefore the court was without jurisdiction to hear and determine the matter. Plaintiff, Young, objected to the filing of the plea because same came too late after the plea of privilege and not in the due order of pleading. The court sustained this objection, to which defendant excepted. According to the judgment shown in the transcript, the parties then announced ready for trial on the merits, and the case was tried before the court, and judgment entered in favor of plaintiff for $200, together with 6 per cent. interest thereon from December 24, 1926, to the date of the judgment, and costs of suit. Defendant excepted to said judgment, and the case is before us for review on writ of error.

■ Defendant's first proposition complains that the court erred in admitting certain oral testimony given in connection with and explanatory of the alleged written contract upon which the suit was based. The testimony was admissible.

■ The second proposition complains that the court erred in overruling defendant's plea of privilege. The alleged written contract consisted of correspondence between the parties relative to the matters giving rise to the suit. The letters of defendant amply support plaintiff's contention of a contract to be performed in San Augustine county. The plea was properly overruled.

■ The third proposition complains that the court erred in refusing to permit defendant to file his plea to the jurisdiction of the court after the plea of privilege had been overruled. The court sustained plaintiff's objection to the filing and consideration of the plea on the ground that it came too late—not filed in due order of pleading—that it should have been presented before the plea of privilege. There are authorities to sustain the court's ruling, but as the plea in abatement went to the jurisdiction of the court to hear the controversy by reason of the amount involved, we think it could have been heard at any time during the progress of the suit. However, the exact question is settled by the Supreme Court in the case of Benson v. Fulmore, 269 S. W. 71, where it approved an opinion by the Commission of Appeals, in which it is held that a defendant is entitled to have his plea of privilege to be sued in the county of his residence passed on before the court takes any other action, and that a plea in abatement is not waived because not filed before the plea of privilege. Therefore, the court should have permitted the defendant to file his plea, but we do not think reversible error is shown because of his not doing so. Plaintiff's petition on its face showed that the court did have jurisdiction. Plaintiff sued to recover $200 and interest thereon as damages. That gave the county court jurisdiction. Schulz v. Tessman & Bros., 92 Tex. 488, 49 S. W. 1031; Gulf, W. T. & P. R. Co. v. Fromme, 98 Tex. 459, 84 S. W. 1054; Robinson v. Lingner (Tex. Civ. App.) 183 S. W. 850. Under the law the court must have overruled the plea to the jurisdiction, and hence the error in refusing to permit same to be filed and considered was harmless.

■■ The fourth proposition asserts that the court erred in refusing to grant defendant time to prepare and file his answer to the merits of the case. He says in his brief that the request for time to prepare and file his answer was made before announcement of ready for trial on the merits. Plaintiff in his brief says that there were two announcements of ready, one before taking up the plea of privilege and one after its being overruled, and that the request was made after the announcement of both parties of ready on the merits. We do not feel called on to settle this difference between the parties. As before stated, the judgment recites as a fact that after the plea of privilege was heard and overruled, the parties plaintiff and defendant announced ready for trial on the merits of the case, and that same was then tried to the court. This recital of fact is in no way attacked by defendant. We must be controlled by the record shown in the recitals in the judgment. We do not believe that the court erred in his refusal to grant defendant time to prepare and file his answer. The bill of exception shows that defendant had not prepared his answer before the case was regularly reached on the docket and called for trial, but that after same was reached, called, and partly heard, he wanted time to do so. After parties have announced ready for trial, they do not have the absolute right to either amend their pleadings or to hold the court in suspense to enable them to prepare and file pleadings which they ought to have previously prepared. Miller v. Sturm, 36 Tex. 291; Crawford v. Johnson (Tex. Civ. App.) 107 S. W. 553. There is no showing as to what defensive matters the answer would have contained. Plaintiff was entitled to know what matters of defense he would be called upon to meet before announcing ready for trial. The answer might have contained matter that would have necessitat-

ed a replication on the part of plaintiff, which would have further delayed the trial, or such matter as might have required a continuance, when under the circumstances the parties may not have been entitled to such delay. De Witt v. Jones, 17 Tex. 620, 624. It was within the sound discretion of the court as to whether he would delay the trial of the cause to permit defendant to prepare and file belated pleadings, and we do not think any abuse of this discretion is shown in his refusal to do so.

The judgment is affirmed.