## TEXAS MUT. LIFE INS. ASS'N v. WILSON.
### (No. 12172.)

Court of Civil Appeals of Texas. Fort Worth. June 22, 1929.

Rehearing Denied July 13, 1929.

Trippet, Richey & Sheehy, of Waco, for appellant.

592

C. H. Henley, of Jacksboro, and John D. McComb, of Oklahoma City, Okl., for appellee.

BUCK, J. Mrs. Zora Alice Wilson brought suit in the district court of Jack county against the Texas Mutual Life Insurance Association of Waco, Tex., a private corporation doing business as a mutual aid insurance company. She alleged that her former husband, R. Z. Wilson, was insured in the defendant company for the maximum amount of $2,500. In this class of insurance companies the amount to be paid on a policy is dependent on the assessments collected from its members of the group. If such assessments collected should not amount to the maximum stated in the policy, then the beneficiary would only be entitled to the amount collected. She alleged that the policy was issued on January 26, 1928, and her husband died on April 11, 1928, that her husband had paid all the premiums and assessments accrued and due on said policy and had complied with the conditions and provisions of said policy, and that, within a reasonable time after the death of R. Z. Wilson, she made demand on the defendant association for the $2,500 claimed to be due, but that the defendant had failed and refused to pay said amount.

Defendant filed its original answer on August 24, 1928, consisting of a general demurrer and a general denial. Counsel for defendant on August 28, 1928, wrote counsel for plaintiff the following letter:

"Waco, Texas, August 28, 1928.
"In Re: Wilson v. Texas Mutual Life Insurance Association.
"Mr. C. H. Henley, assistant county attorney, Jacksboro, Texas. Dear Sir: We received your letter of the 24th relative to the above matter and note that you will have the case set down for some time during the term and will notify us.
"We would appreciate it if you can have the matter set for about the fourth week of the term instead of the second week, as it will better enable us to be ready for trial and besides we have several matters set for hearing during the early part of September.
"Thanking you for your courtesy in this matter.
"Yours truly,
"Trippet, Richey & Sheehy."

On September 10, 1928, counsel for defendant wrote counsel for plaintiff this letter:

"Waco, Texas, September 10, 1928.
"In Re: Zora Wilson vs. Texas Mutual Life Insurance Association.
"Mr. C. H. Henley, Atty. at Law, Jacksboro, Texas. Dear Sir: We have your letter of the 5th regarding the above case and advise that we are at present engaged in the trial of a case and have been so engaged since last Thursday and we do not believe that we will be able to be present to try the above case any time this week as we have in addition to the case we are now engaged in three cases set for Thursday, September 13, and one of these cases is an old case and the first on the docket and it looks like we are going to have to try it.

"Accordingly, if you can arrange to set this case over as far in the term as possible, or else have it postponed for this term, we would certainly appreciate it.
"Yours truly,
"Trippet, Richey & Sheehy."

On June 13, 1928, the defendant wrote Mrs. Wilson the following letter:

"June 13, 1928.
"Mrs. Z. A. Wilson, Jacksboro, Texas. Dear Mrs. Wilson: We are referring to a conversation which we had today with Mr. H. L. Livingston, who was in your town a few days ago, at which time he informed us that you refused to accept the return of premiums under our policy which was issued to your late husband, R. Z. Wilson.

"Mr. Livingston asked that I furnish you with the following information: That the policy number 2790 was issued on the life of your husband under date of January 26, 1928. The proofs on this claim show, beyond any question of a doubt, that your husband took sick on or about the 11th day of November, 1927, with the same disease that caused his death on April 11, 1928.

"We suggest that before you employ a lawyer to represent you and file suit against this association that you advise him correctly of the facts.

"Mr. Livingston advised me that he exhibited to you the proof signed by Dr. Chunn of Electra, Texas, and Dr. Fillmore of your city which shows conclusively that your husband was sick when this policy was issued.

"Mr. Livingston also advised me that he exhibited to you a letter from J. J. Meeks, Secretary of the Odd Fellows Lodge of Jacksboro. Said letter showing that your husband was sick on November 15, 1927, until his death.

"We feel satisfied that if you will put these facts before any lawyer he will advise you to accept the return premiums which amount to $21.00, and this letter will be your authority to draw on us for $21.00 with the policy attached.

"If you so desire, we would be very glad to have your attorney visit this office in order that we might furnish him our records on this case.

"Trusting that we may have a reply from you in the near future as to what disposition you expect to make of this case, we beg to remain
"Yours very truly,
"Texas Mutual Life Insurance Ass'n."

The Jack county district court meets the first Monday in March and September, and

the terms continue four weeks. In 1928, the September term of the district court convened on September 3d. Tuesday, September 4th, was "Appearance Day." In response to requests by defendant's counsel to set the case as late as possible in the term, the plaintiff's counsel set the case for trial on September 25, 1928. The court adjourned as a matter of law on Saturday of that week, September 29th.

At the time the case was set for trial, and up to September 25th, only the original answer of defendant had been filed. Defendant's counsel, who lived at Waco, probably 150 miles from Jacksboro, reached the latter city on Monday evening late, after the district clerk's office had closed. Early Tuesday morning, he filed defendant's first amended answer, which set up allegations that the insured at the time of his application for a policy had been asked certain questions with reference to his state of health prior to and at the time of the application, and whether or not he had had certain diseases, and that he answered all of such questions in the negative; that the insurance policy contained this provision: "This insurance is granted in consideration of the application therefor which is hereby made a part of this contract."

In this first amended answer, it was alleged that at the time of the application the insured was suffering from uremic poisoning and also arteriosclerosis, which is a disease of the heart; that his blood pressure was high; that he was under treatment of doctors at said time, and had been treated prior thereto, and continued to be treated thereafter up until the time of his death; that said applicant knew, or should have known, that said statements were false and untrue and that he was not in good health at the time the application was made. Therefore defendant pleaded that it was not due the beneficiary of insured the amount of the policy, but only the premiums, amounting to $21, which it tendered into court.

Upon learning of the filing of the amended answer, counsel for plaintiff filed a motion to strike such answer, and alleged that said answer was filed without leave or permission of the court and was filed too late for the following good reasons, to wit: That this suit was filed August 9, 1928, by the plaintiff, and thereafter on the same day citation was duly issued to McLennan county, Tex., of which Waco is the county seat, and was duly served on the defendant on August 14, 1928; that on August 24, 1928, the defendant filed its original answer, which consisted solely of a general demurrer and a general denial; that at the special instance and request of said defendant this plaintiff did not insist upon a trial the first week of the September term of court, but passed the same for the convenience of defendant until Tuesday, September 25, 1928; that defendant was duly notified that said cause was set

down for trial on said last-named date, said notice being given to defendant, its attorneys and agents, by letter, telephone, and in person; that the September term of court convened on September 3d, and appearance day was on September 4th, and, notwithstanding the fact that this suit had been filed almost a month before the present term convened, the defendant contented itself with filing a general demurrer and general denial, and on the morning of this date, September 25th, said defendant, without asking or securing leave or permission of the court, and without the knowledge and consent of plaintiff, filed an instrument purporting to be a first amended answer, consisting of some five pages of typewritten matter, which contained, in addition to the general demurrer and general denial, four additional and long paragraphs of pleading, setting up various and sundry alleged defenses not contained in the original answer, and setting up and tendering numerous issues not raised or tendered by its original answer; that said answer and additional matter and issues pleaded therein operates as a surprise to plaintiff and constitutes and is a radical departure in pleading by defendant, and same should be stricken.

In answer to the plea to strike the amended answer, the defendant replied that it was not notified until on or about September 21, 1928, that the cause had been set for trial on September 25th; that defendant's attorney thereon prepared this answer on September 22d, and brought said answer to Jacksboro, arriving there about 5:30 p. m., September 24th, too late to file the same on that day; that the answer was filed on Tuesday morning, September 25th. Defendant further pleaded that plaintiff was not surprised by reason of allegations in defendant's amended answer, inasmuch as she had been informed of such intended defenses in the letter of June 13, 1928, heretofore set out. The court struck the answer from the record. Then defendant filed its motion for continuance, alleging the absence of the witness Dr. R. S. Fillmore, who lived at Jacksboro, and who was one of the physicians who had treated the insured, and by whom the defendant expected to prove the condition of health of the insured at the time of the application, and that the insured was at the time afflicted with the disease, or diseases, of which he died, some four months later. Defendant did not allege that it had caused to be used process for said witness, but alleged that said absent witness had promised to be present. The motion for continuance was overruled. Thereupon, the trial proceeded, and, a jury having been impaneled, the court gave a peremptory instruction for plaintiff in the sum of $2,500.

In due time a motion for new trial was overruled, and the defendant gave notice of appeal to this court.

594

## Opinion.

Rule 12, in Rules of the Courts, by Harris, for County and District Courts, is as follows:

"An amendment may be made by either party, upon leave of the court for that purpose, or in vacation, as prescribed by statute —the object of an amendment, as contradistinguished from a supplemental petition or answer, being to add something to, or withdraw something from, that which has been previously pleaded, so as to perfect that which is or may be deficient, or to correct that which has been incorrectly stated by the party making the amendment."

Article 2001, Rev. Civ. St. 1925, reads as follows:

"*Amendments.*—Parties may amend their pleadings, file suggestions of death and make representatives parties, make new parties, and file such other pleas as they may desire:

"1. In vacation, by filing such pleas with the clerk of the court in which the suit is pending.

"2. When court is in session, under leave of the court upon such terms as the court may prescribe before the parties announce ready for trial, and at such time as not to operate as a surprise to the opposite party.

"3. When because of the insufficiency of the pleadings of the successful party, the judgment has been arrested or a new trial granted."

The rule and the statute quoted have been construed many times by our courts. It is generally stated and held that, whether or not the trial court grants or denies the right to appellant or appellee to amend his pleadings, especially when the cause is called for trial, as in this case, is largely a matter of judicial discretion, and, unless an appellate court finds that judicial discretion has been abused, it will not disturb the action of the trial court in this respect. If the defendant in the instant case intended to plead, and had evidence to support such pleading, that the insured, at the time he made application for the policy, answered untruthfully questions pertaining to his state of health, and as to whether or not he had been treated for conditions of health which finally caused his death, such defendant should have pleaded the facts upon which it relied in time for the plaintiff to prepare her pleadings and secure any evidence to support the same. We do not think that the letter to Mrs. Wilson from the defendant company was sufficient to apprise Mrs. Wilson and her attorneys of the facts which were to be pleaded by defendant. In the trial of a case, the plaintiff is not required to answer in his pleadings rumors or even statements of proposed defenses. He has a right to rely on the pleadings made as to the defenses which are going to be urged in the trial of the case. Oftentimes in the preliminary discussion between counsel of both parties, as to the proposed allegations in the plaintiff's petition, and the proposed defenses in the defendant's answer, allegations are stated which in the final pleadings are not asserted. So in the instant case a statement by the defendant in a letter to the beneficiary that they intended to defend the cause by proof that her husband had untruthfully stated in the application for the policy that he was not affected by any disease of the character of which he died we do not believe was sufficient to take the place of pleadings to that effect. For more than 30 days this formal answer constituted the only answer on file. We think that the plaintiff had the right to conclude that the defendant was not going to rely on or allege in the trial the statements made to Mrs. Wilson in the letter of June 13, 1928.

In Lipscomb v. Perry, 100 Tex. 122, 96 S. W. 1069, 1070, by the Supreme Court, it is said: "Before the adoption of the rule as to trial amendments it had often been held that there is a limit to the right of amendment, and that a time must come in the progress of a cause when the court may properly refuse to allow its further exercise. Lewin v. Houston, 8 Tex. 94; Matossy v. Frosh, 9 Tex. 612; Trammell v. Swan, 25 Tex. 500; Reid v. Allen, 18 Tex. 241. At such time the refusal or allowance of an amendment becomes discretionary with the court, and the party attacking the exercise of that discretion must show that it has been abused to his injury. As we have said, the exception called upon the court to determine whether or not, after all the time and opportunity contestee had enjoyed, after exceptions to his answer had been sustained, and leave granted him to amend preparatory to the trial about to begin, which leave legally gave him only the right to perfect the pleadings to which exceptions had been sustained, contestee should be allowed to add to his defenses already made by the introduction of entirely new matter. When the court acted it was in the exercise of its sound discretion and the presumption is that its action was based upon a due consideration of all of the facts which should affect it. The party complaining cannot say that any absolute right of his was violated and, therefore, in order to successfully attack the ruling, he must show an abuse of the discretion and an injury to him. The burden is not upon the opposite party to show affirmatively that the ruling was correct because he would have been surprised by the pleading. The rule laid down in the decisions referred to is not that the right of amendment exists subject to the right of the opposite party to show that the proposed pleading would surprise him, but that, in such situation, the matter is subject to the sound discretion of the court, the exercise of which may be based, not only on the fact that the pleading

on its face appears to be calculated to surprise, but also on the fact that it may delay the trial and impede the speedy and orderly administration of justice and the dispatch of the business of the court. Lewin v. Houston, supra. For these reasons it is apparent that in reviewing such a ruling the inquiry is not controlled by the fact that, in the exception sustained, surprise is not mentioned as the reason why the amendment should be stricken out. Had the court permitted the plea to stand, it might be that, because of the presumption in favor of the correctness of the ruling, the contestant, in order to show an abuse of discretion and consequent injury to him, would be required to make some such matter appear; but the same presumption sustains the ruling actually made until abuse of discretion is shown."

See Braxton v. Voyles, 189 S. W. 965, by the Amarillo Court of Civil Appeals; Bear v. Houston & T. C. Ry. Co. (Tex. Civ. App.) 265 S. W. 246.

■ After the parties have announced ready and the day of the trial has arrived, neither party has the absolute right either to amend his pleadings or to hold a court in suspense to enable him to prepare and file pleadings which he ought to have previously prepared and filed. Wood v. Young (Tex. Civ. App.) 11 S.W.(2d) 369.

■ Therefore we are not prepared to hold that the trial court abused his sound judicial discretion in sustaining plaintiff below's motion to strike the answer of defendant from the record.

■ Nor are we able to say that the trial court erred in overruling defendant's motion for continuance, on account of the absence of witness Dr. R. S. Fillmore. In the first place, there is no showing of diligence or that any process had ever been issued for said witness. In the second place, the evidence of Dr. Fillmore would not have been pertinent to the issue made by defendant's original answer, but only as to the issue made or attempted to be made by the amended pleading, which was stricken out.

■ Appellant urges that the trial court erred in peremptorily instructing the jury to return a verdict in favor of plaintiff for $2,500 (a) because the policy or certificate introduced in evidence by plaintiff upon which she was suing shows on its face that defendant is only bound to pay the plaintiff in any event the sum of $5 to be collected from each member of said association in good standing in class B; (b) there was no showing of the number of members in good standing in this class and no proof that would justify the court in rendering judgment in the sum of $2,500.

If there were not sufficient members of the class to which insured belonged, when as-

sessed at $5 a member, nobody knew such fact as well as did defendant itself. It offered no evidence upon this question, nor did it plead an insufficiency of membership in the class to produce at $5 a member the $2,500, the maximum amount of the policy. Therefore we overrule this assignment.

We have carefully considered all the assignments presented by appellant and overrule them.

Judgment of the trial court is affirmed.