The judgment is reversed, and the cause remanded.

## MORRISSEY v. JONES.
### No. 8324.

Court of Civil Appeals of Texas. San Antonio.
Jan. 22, 1930.

Rehearing Denied Feb. 19, 1930.

Saner, Saner & Jack, of Dallas, for appellant.

Wayne Davis, W. S. Anthony, and Chas. R. Guinn, all of San Antonio, and Brasted & Griffin, of Fort Worth, for appellee.

FLY, C. J. This is an appeal perfected by appellant from an order denying a plea of privilege to be sued in Palo Pinto county. The plea was controverted by appellee on the grounds that on September 14, 1924, she sued appellant for and obtained a divorce from the bonds of matrimony in Bexar county, before the Seventy-Third district court. In addition to granting a divorce, the court adjudicated property rights in accordance with the terms and provisions of an agreement made and entered into by the parties, which agreement was copied into and became a part of the judgment. In the controverting plea, the original petition in the present case was copied into the controverting affidavit, which contained the following prayer:

"Wherefore, premises considered, plaintiff prays for a citation to defendant in terms of the law, that he be required to return into the court an inventory and appraisement of all properties acquired by him during marriage, and all properties acquired after marriage, that was acquired by exchange of property acquired during marriage or by the proceeds of sale of property acquired during marriage, and that the gracious writ of injunction issue restraining defendant from disposing of any part of same or contracting debt on account thereof until the further order of this Court permits him; for judgment for one-half of all the Community property and income described in this petition, for one-half of all community property of every description whatever, real and personal, now held and controlled by defendant, whether described in this petition or not, for an order of partition of said property if the same can be partitioned for judgment for the value of a full one-half interest in said community estate as it existed on the 25th day of February, 1925, together with interest at six per cent from February 25, 1925; for costs of suit and for all other relief, special and general in law and in equity, to which she may show herself justly entitled and for all of which she will ever pray."

She alleged that the fraud and deception upon the part of appellant in obtaining the agreement as to a division of the property took place in Bexar county. She did not ask in terms that the former judgment be set aside. She afterwards filed an amended petition, in which she prayed that the original judgment be set aside in so far as it sought to affect the property rights of the parties.

The pleadings in the divorce suit show that appellee herein had her residence, as required by law, in Bexar county, and appellant was properly sued in that county, and there can be no question that, in a suit to set aside that judgment or any part of it, the venue would be properly laid in Bexar county. The facts set forth in the original petition would, if proved, sustain a setting aside of the judgment so far as the property was concerned. Under the allegations, a case for setting aside the judgment was pleaded, and appellant could not by a plea of privilege avoid such suit against him in Bexar county, unless the failure to specifically pray that the judgment be set aside opened an avenue for presenting the plea.

It is a long-established rule in Texas that it is the allegations in a petition that fix the measure of relief and not the matters prayed for. As said in Milliken v. Smoot, 64 Tex. 171: "A plaintiff must recover in the right in which he sues, and upon the facts stated in his pleadings as the basis of that right, and cannot recover through a right adverse to that asserted, it matters not what the prayer of the petition may be." The vice in the original judgment fully appears in the allegations, and in the prayer interest is sought on the claims sued on from February 25, 1924, which was the date of the original judgment, and appellee prayed for general as well as special relief. It has been held that, where a plaintiff prays for general relief in addition to specific, he may recover on the general relief, although not entitled to specific relief. Lee v. Boutwell, 44 Tex. 151. Again it is held that, where general relief is prayed for, the court may grant specific relief. As said in Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 276, 47 Am. St. Rep. 107: "The facts upon which the right arises are alleged in the answer, and there is a prayer for general relief, which was sufficient to entitle Cheeves to whatever the law would accord him upon the alleged facts." To the same effect are Zadick v. Schafer, 77 Tex. 501, 14 S. W. 153; Silberberg v. Pearson, 75 Tex. 287, 12 S. W. 850; Garvin v. Hall, 83 Tex. 295, 18 S. W. 731; Coleman v. Bank, 17 Tex. Civ. App. 132, 43 S. W. 938, affirmed in 94 Tex. 605, 63 S. W. 867, 86 Am. St. Rep. 871.

It is provided in article 2001, Rev. Stats., that parties may amend, in vacation, by filing with the clerk, and in term time by leave of the court before the parties announce ready for trial, and at such time when the amendment will not operate as a surprise to the opposite party. Control over amendments is lodged in the trial court, and action therein will not be interfered with, unless palpable abuse of discretion is shown by the complaining party. Lipscomb v. Perry, 100 Tex. 122,

96 S. W. 1069; Glenn v. Levee Dist., 114 Tex. 325, 268 S. W. 452; El Paso Electric Co. v. Buttrey (Tex. Civ. App.) 260 S. W. 897; American Rio Grande Irr. Co. v. Barker (Tex. Civ. App.) 268 S. W. 506. An amendment may be filed for the purpose of supplying allega- tions necessary to give a court jurisdiction. McDannell v. Cherry, 64 Tex. 177.

Surprise is not claimed in this case, but objections are urged to the amendment on the ground that it was filed after issue had been joined on the plea of privilege. In the amend- ment it was prayed in terms that the part of the judgment in the divorce suit as to a di- vision of property be set aside. The amend- ment merely made clear what was included in the prayer under the allegations in the orig- inal petition. We can see no reason why the general rule as to amendment should not ap- ply in this suit. The decision cited by appel- lant as sustaining a different rule does not sustain the contention. When the plea of privilege and the controverting affidavit are filed, it has been held that they constitute the pleading in a trial as to venue. Comer v. Landrum (Tex. Civ. App.) 277 S. W. 743; Gro- gan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995. It would probably have more nearly attained a reasonable trial had it been held that the trial judge could consider all the pleadings in the case in arriv- ing at a conclusion on the plea of privilege. However, in this case the statement of facts does not indicate that the amendment to the petition was used in any manner, but it was decided upon the allegations of the original petition as copied into the controverting affi- davit.

The judgment is affirmed.